LUCAS *et al.*, Respondents, v. LADEW *et al.*, Appellants.

1. Upon the protest for *non acceptance* of a sight bill of exchange entitled to days of grace and the giving of notices to the drawer and endorsers, their liability to the holder is immediately fixed; it is not necessary that the bill should be presented for payment on the last day of grace.
2. Although days of grace upon sight bills have been abolished by statute in this state, it will be presumed, in the absence of proof of change by legislative enactments, that the common law, allowing days of grace upon such bills, is the law of a sister state or a territory of the United States.

*Appeal from St. Louis Court of Common Pleas.*

This was an action by plaintiffs as endorsers of a bill of exchange, payable at sight, drawn at New York by one B. F. Maniere on Smoot, Russell & Co., at Leavenworth city, in Kansas territory, in favor of John Dorsey, and by him endorsed to defendants and by them endorsed to plaintiffs. It appeared that when the bill was endorsed over to the plaintiffs they sent it to Smoot, Russell & Co. (who were their business correspondents in Leavenworth city) for collection; that the latter caused it to be protested for *non acceptance* on

the 17th of March and for *non payment* on the 21st of March. A correspondence ensued between plaintiffs and Smoot, Russell & Co., in reference to the liability of the latter to plaintiffs for the amount of the bill by reason of Smoot, Russell & Co.'s not having caused the bill to be protested for nonpayment on the last day of grace, that is, on the 20th instead of the 21st day of March. Smoot, Russell & Co. finally agreed to leave in the hands of plaintiff, during the pendency of a suit on the bill by plaintiffs against defendants, an amount sufficient to pay the same if plaintiffs should fail to recover of defendants, and to be responsible for all costs of the suit and for attorney's fees in prosecuting the same.

At the request of the plaintiffs, the court gave the following instruction: " The presentation of the bill sued on to the drawees for acceptance on the 17th day of March, 1857, their refusal to accept, the protest of the bill for non acceptance on that day, and notice then to the defendants of the non acceptance, being admitted in the pleadings, their liability as endorsers of the bill was, by those admitted facts, fixed, and the subsequent protest of the bill on the 21st of March had no effect to discharge that liability."

At the request of the defendants the court gave the following instruction : " If Smoot, Russell & Co. had paid to the plaintiffs the amount, and this suit is prosecuted by plaintiffs for the sole use and benefit of Smoot, Russell & Co., then the court sitting as a jury ought to find for defendants."

The defendants asked the court to give the following instruction, which was refused : " If the bill of exchange read in evidence was not presented to Smoot, Russell & Co., for payment and protested until four days after it was presented for acceptance, and that at the time it was presented for acceptance no demand was made for the payment thereof, but Smoot, Russell & Co., acting as the agents of the plaintiffs at that time, and as such agents directed said note not to be presented or protested for nonpayment on the day it was pre-

sented for acceptance, this discharges the defendants from liability to the plaintiffs."

The court sitting as a jury tried the cause and found for the plaintiffs.

*H. N. Hart*, for appellants.

I. The instruction given for the plaintiffs was erroneous. If the draft was entitled to grace after presentment, then surely the 21st was one day over grace, and the endorsers were released; if the draft was payable on the day it was received by Smoot, Russell & Co., then a demand of payment on that day was necessary, and, in case of refusal, a protest for nonpayment must be made on that day. Smoot, Russell & Co. directed the notary to protest the bill for non acceptance on the 17th of March, and then to hold it until it matured. The notary mistook the day of maturity. The court further erred in refusing to admit Mr. Drake's opinion. It did not come within the rule as to confidential communications between counsel and client.

*Drake*, for respondents.

I. The count properly excluded the legal opinion given by Mr. Drake to the plaintiffs. The liability of the defendants as endorsers was fixed upon the protest for non acceptance and the notice thereof. The second instruction asked by the defendants and refused was rightly refused. It assumed that the bill was payable strictly at sight without days of grace, and should therefore have been protested for non payment on the day it was first presented to the drawees, instead of for non acceptance. At common law a bill payable at sight was entitled to days of grace. (Story on Bills, § 343.) In the absence of proof to the contrary, the common law must be held to have prevailed in Kansas. The bill was entitled to days of grace. (8 Mo. 7 ; Johnson v. Dicken, 25 Mo. 582 ; Abell v. Douglass, 4 Denio, 305 ; 1 Pick. 415 ; Stout v. Wood, 1 Blackf. 71 ; 15 Ill. 263 ; 25 Ala. 540.)

Lucas v. Ladew.

NAPTON, Judge, delivered the opinion of the court.

The instructions upon which this case was tried were, in our opinion, correct. It is well settled, both in England and America, that, upon protest for non acceptance and notice, the drawer and endorsers of a bill are responsible immediately to the holder, and the failure to present the bill again for payment has no effect in discharging that liability. Whether the bill in this case was presented for payment on the 20th or 21st was therefore immaterial, as it was presented for acceptance on the 17th and acceptance was refused, and it was duly protested and notice sent immediately to the defendants. (Story on Bills, § 321, 322, 366; Watson v. Turpley, 18 How. 517; Renshaw v. Triplett, 23 Mo. 213.)

By the common law, bills payable at sight are entitled to days of grace, and although grace upon sight bills is abolished by our statute (R. C. 1855, p. 298, § 18), yet we presume the common law to prevail in a sister state or territory, in the absence of proof of any change by legislative enactments. (Houghtaling v. Ball, 19 Mo. 84; Abell v. Douglass, 4 Denio, 3¦5; Stout v. Wood, 1 Blackf. 71; Ellis v. White, 25 Ala. 604.) As the bill sued on was entitled to grace, the instruction asked by the defendants was properly refused.

The opinion of Mr. Drake, the plaintiffs' attorney, in relation to the liability of Smoot, Russell & Co., was properly excluded, not because there was any thing of a confidential nature in it, but because it was an *opinion* and therefore had nothing to do with the case.

Whether Lucas & Co. had collected the bill from Smoot, R. & Co. and were acting as mere agents of the latter in this suit, was submitted to the jury at the request of the defendants. We do not consider the plaintiffs as necessarily occupying such a position from the mere fact of their retaining a balance in their hands sufficient to cover the bill, with the consent of S., R. & Co., nor from the additional fact that S., R. & Co. agreed to pay the bill if the plaintiffs should not succeed in holding the defendants liable, and this is the most

which the correspondence between the parties would appear to establish.   But this was a question of fact upon which the jury have passed, and there is certainly no ground for disturbing their verdict.

The other judges concurring, the judgment is affirmed.