GREEN & COMPANY, PLAINTIFFS IN ERROR, V. RAYMOND BROTHERS, DEFENDANTS IN ERROR.

<table>
<tr><td>9</td><td>295</td></tr>
<tr><td>12</td><td>217</td></tr>
<tr><td>9</td><td>295</td></tr>
<tr><td>42</td><td>665</td></tr>
</table>

1. **Action.** It is only in the exceptional cases of fraud on the part of the debtor, mentioned in sec. 237 of the code of civil procedure, that an action can be properly commenced on a claim before it is due.

2. **Negotiable Instruments:** DAYS OF GRACE. In this state, by statute, all negotiable drafts, whether sight or time, are entitled to three days grace in the time of payment.

3. ————: ACCEPTOR: HIS LIABILITY. The measure of an acceptor's liability is the acceptance itself, construed with reference to the law under which it was given. And where the holder of a draft, payable "ten days after date," took a qualified acceptance extending still further the day of payment, *held*, that the holder of the draft was bound by the terms of such acceptance, and that as between these parties the draft must be

regarded the same as if it had been drawn payable at the time fixed by the acceptance; that such acceptance is entitled to the usual days of grace in the time of payment.

ERROR to the district court of York county. Tried below before POST, J. There is sufficient statement of the case in the opinion.

*France & Sedgwick*, for plaintiffs in error.

1. The act of accepting a bill of exchange is like the making and delivering of a promissory note; it is the execution of a promissory note, a contract by which the acceptor undertakes to pay the amount mentioned in the bill or in his acceptance to the payee according to the tenor of his acceptance. The mere drawing a bill is no contract with the acceptor. His contract is yet to be made, and when made, the acceptor is to be regarded as the maker of a promissory note running to the payee. Edwards on Bills and Promissory Notes, 405. *Sylvester v. Stapler*, 44 Me., 497. *Myers v. Standart*, 11 Ohio St., 37.

2. An absolute acceptance is an engagement to pay according to the tenor of the bill. And a conditional acceptance is an engagement to pay according to the tenor of the acceptance. Chitty on Bills, 303, 304. Edwards on Bills and Promissory Notes, 419. *Walker v. Atwood*, 11 Mod., 190.

3. If in the payment of a debt the creditor is content to take a bill or note payable at a future day, he cannot legally commence an action on the original debt until said bill or note becomes due. *Murray v. Gouverneur*, 2 Johnson's Cases, 438. 1 Espinasse, Rep. 8.

*Edward Bates*, for defendants in error.

The draft in controversy in this case, upon which suit was brought, was dated January 31st, 1873, for

Green v. Raymond.

the sum of $209.87, payable ten days after date; the plaintiffs, by their acceptance, made it payable March 1st, 1878, instead of accepting it according to its tenor and effect. This made the bill due on the 1st day of March, A.D. 1878, without grace, as the three days ran on the bill, according to its tenor and effect, and plaintiff's acceptance of the paper, contrary to the time of payment expressed on the draft, destroyed its negotiability, and it became payable on the 1st of March, the same as demand paper. Chitty on Bills, 9th edition, 286. Gen. Stat., 426.

LAKE, J.

Was the action below prematurely brought? This is the first question, and the principal one, to be answered. It is only in the exceptional cases of fraud on the part of the debtor, mentioned in sec. 237 of the code of civil procedure, Gen. Stat., 564, that an action can be properly commenced on a claim before it is due. This case is not within the exception. It was commenced on the 2d day of March, 1878, to recover upon two alleged causes of action: the *first* for the sum of $55.45, on an account for goods sold and delivered, and the *second* for the sum of $209.87, on a certain draft drawn by the defendants upon the plaintiffs in error, dated January 31, 1878, payable ten days after date to the order of the York Co. Bank, and " accepted payable March 1, 1878."

It appears that, for the account on which the first cause of action was based, a draft had been drawn by Raymond Brothers, and duly accepted by Green & Co. on the 28th of February, 1878, payable to the order of William McWhirter. These drafts both belonged to the drawers thereof, and were resorted to merely as a means of collecting money owing to them from the

drawees for goods sold and delivered.    If the drawees were entitled to the usual grace in the time of payment that is accorded to commercial paper generally, then it is clear that the action was prematurely brought, at least as to the larger of these drafts.

By sec. 3; chap. 32, Gen. Stat., 426, it is provided that: " All notes, bonds, or bills made negotiable by this chapter shall be entitled to three days' grace in time of payment," etc.   And sec. 1 of the same chapter declares that: " All bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money certain, and made payable to any person or order, or to any person or assigns, shall be negotiable," etc.

The drafts in question are certainly covered by this language.    They belong to the class of commercial paper styled inland bills of exchange; they are drawn for " sums of money certain," and are payable to the order of persons named therein.

But it is urged that the larger draft—the one in suit —was shorn of its negotiable character by the qualified terms of acceptance.   By this the time of payment was changed from " ten days after date," as drawn, to " March 1, 1878," an extension of some twenty days.   This change, however, did not produce the result contended for.   The holders of the draft might have refused to receive any other than a general acceptance to pay strictly according to its terms, but having taken this qualified one they are bound by its terms, and must submit to the legal consequences. Story on Bills of Exchange, § 240.

With this sort of acceptance acquiesced in, the draft is, in legal effect, precisely the same as if it had been drawn originally payable on the 1st day of March, 1878, and accepted generally.   The measure of the acceptor's liability is the acceptance itself, construed

with reference to the law under which it was given. By this test it seems clear to us that he was entitled to three days' grace from March 1, 1878, in making payment, and consequently that the action as to this draft was prematurely commenced.

As already shown, the first cause of action was on an account for which the smaller draft had been drawn, and duly accepted. This draft, too, was negotiable, and under our statute, as well as by the established doctrine, independently of statute, concerning sight drafts, both in England and in this country, entitled to days of grace in time of payment. Parsons on Notes and Bills, 405, 406. Daniel on Negotiable Instruments, sec. 617. Allowing to this draft the three days of grace, the acceptor was in no default when the suit on the account was commenced. Under these circumstances the question is raised whether Raymond Brothers could maintain an action on the account before the maturity of the acceptance, on offering to surrender it up for cancellation.

This acceptance was an express promise to pay the amount due on the account which it represented. It was a higher evidence of the existing indebtedness, and we think had the effect of suspending the original right of action until it was itself dishonored. The rule applicable here is stated in 2 Parsons on Contracts, 196, where it is illustrated by the case of one taking a promissory note for money due him. " The note is conclusive evidence of an agreement for delay or credit, and no action can be maintained on the original cause of action until the maturity of the note; if, then, the note is not paid, an action may be brought upon the note, or on the original cause of action." This acceptance did not mature until the 3d day of March, and under this rule, the action, having been commenced on the 2d, cannot be maintained. The

judgment must be reversed, and the cause remanded, with direction to dismiss the case without prejudice to a future action.

REVERSED AND REMANDED.