RAYMOND BROTHERS AND CYRUS LANGWORTHY, PLAINTIFFS IN ERROR, v. GREEN & CO., DEFENDANTS IN ERROR.

1. Action on attachment undertaking: SET-OFF. In an action upon an undertaking for an attachment, *held*, That a claim due from the obligees in favor of the principals could be set-off although the damages were unliquidated. *Boyer v. Clark*, 3 Neb., 167, modified.

2. ———— : ————. In an action upon an undertaking against a principal and surety, a demand due from the plaintiff to the principal may be set off against the claim of the plaintiff.

3. ———— : DAMAGES. In an action upon an undertaking for an attachment, the reasonable value of an attorney's services, who procured the dissolution of the attachment, is a proper item of damage.

ERROR to the district court for York county. Tried below before POST, J. The opinion states the case,

*Harwood & Ames*, for plaintiffs in error.

1. The set-off should have been allowed. Code, sec. 103. Pomeroy on Remedies, 752, and note. *Parsons v. Nash*, 8 How. Pr., 454. *Stevens v. Able*, 15 Kan., 584.

2. It is admitted on the record that no sum has ever been paid by the plaintiffs as attorney's fees for services in procuring a dissolution of the attachment, and in an action on the bond no recovery can be had for services of counsel, unless payment has been actually made. It is apparent from the circumstances of this cause that the action is mainly a speculative one in the interests of attorneys, and such litigation does not deserve, and will not receive, encouragement from the courts. *Hughes v. Brooks*, 36 Tex., 379. *Plumb v. Woodmansee*, 34 Iowa, 116. *Oelrichs v. Spain*, 15 Wal., 211. *Heath v. Lent*, 1 Cal., 410, *Cowdore v. Martin*, 17 Mo., 41.

3. In an action upon an attachment bond nothing can be recovered in compensation for damage resulting from the action or expenses incurred in its defense. High on Injunctions, 557. *Plumb v. Woodmansee*, 34 Iowa, 116. Drake on Attachments, 176. *Behrens v. McKenzie*, 23 Iowa, 333. *Langworthy v. McKelvey*, 25 Iowa, 48. Sedgwick on Damages, 311 *et seq*. *Gregory v. Hartley*, 6 Neb., 356. *Gilbert v. Winan*, 1 N. Y., 550.

*France & Sedgwick*, for defendants in error.

1. An action on an attachment bond is not an action arising out of contract within the meaning of the statutes. Gen. Statutes, p. 541, sec. 104. *Boyer v. Clark & McCandless*, 3 Neb., 168, and cases cited. *Osborne v. Etheridge*, 13 Wend., 339.

2. As to attorney fees. *Bonesteel v. Bonesteel*, 30

Wis., 511. High on Injunctions, 562. *Ah Thaie v. Quan*, 3 Cal., 216.

MAXWELL, CH. J.

This action was brought by Green & Co., in the district court of York county, upon an undertaking in attachment, of which the following is a copy:

"Know all men by these presents, that we, Raymond Brothers, as principal, and Cyrus Langworthy, as surety, are held and firmly bound unto Green & Company, in the sum of five hundred and fifty dollars ($550.00), upon conditions following: Whereas the said Raymond Brothers is about suing out of the office of the county court judge, in and for said county, a writ of attachment against the property of said Green & Company, defendants, for the sum of two hundred and sixty-five dollars and thirty-two cents ($265.32), in a certain action against the said Green; Now if the said Raymond Brothers shall pay all damages which the said Green & Company may sustain, by reason of the unlawful suing out of said writ, then this obligation to be void, otherwise to remain in force.

Witness our hands, this 2nd day of March, A. D. 1878,

RAYMOND BROTHERS, *Principal.*

CYRUS LANGWORTHY, *Surety.*"

Raymond Bros, in their answer to the petition, *First.* Deny certain facts stated therein. *Second.* Set up as a set-off certain drafts drawn by them on Green & Co. and accepted, upon which there is due the sum of $265.52 and interest. Green & Company demurred to the set-off and the demurrer was sustained.

This case seems to have grown out of that of *Green & Co. v. Raymond Brothers*, 9 Neb., 295.

The first question to be determined is, was the set-off of Raymond Brothers a proper matter of set-off.

In the case of *Boyer v. Clark & McCandless*, 3 Neb., 161, this court held that a claim for unliquidated damages, the recovery of which is still uncertain, cannot be the subject of set-off.

Section 100 of the code of civil procedure provides that: "The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have. Each must be separately stated and numbered, and they must refer in an intelligible manner to the cause of action, which they are intended to answer."

Section 101 provides that: "The counter-claim mentioned in the last section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction, set forth in the petition, as the foundation of the plaintiff's claim, or connected with the subject of the action."

Section 104 provides that: "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court."

The term set-off is here preserved, and is distinguished from counter-claim.

The defense of set-off was unknown to the common law, it being purely the creature of statute, at least in courts having no equity jurisdiction. S. 13, Ch. 22, of 2 Geo. 2, made perpetual by 8 Geo. 2, C. 24, S. 4, provides that: " Where there are mutual debts between the plaintiff and defendant, or, if either party sue or be sued, as executor or administrator, when there are mutual debts between the testator or intestate and either party, one debt may be set against the other, and such matter may be given in evidence upon the general issue, or pleaded in bar, as the nature of the case may require, so as at the time of his pleading the general issue, when any such debt of the plaintiff, his testator or intestate, is intended to be

inserted or given in evidence, notice shall be given of the particular sum or debt so intended to be insisted on, and upon what account it became due, or otherwise such matter shall not be allowed in evidence upon such general issue."

The object of these statutes was to prevent cross actions between the same parties. *Isbay v. Bowden*, 8 Exch., 852, 22·Eng., L. & E., 551; *Wallis v. Bastard*, 4 De. G. M. & G., 251, 31 Eng., L. & E., 175. The law of set-off, at the present time, may be said to consist of the rules and principles derived from adjudications upon the above statutes. A set-off is allowable in all cases of mutual debt—that is, in all claims in the nature of a debt.

In *Green v. Farmer*, 4 Burr., 2220—1, Lord Mansfield said: "Natural equity says, that cross-demands should compensate each other, by deducting the less sum from the greater, and that the difference is the only sum which can be justly due. But positive law, for the sake of the forms of proceeding and convenience of trial, has said, that each must sue and recover separately, in separate actions. It may give light to this case, and the authorities cited, if I trace the law relative to the doing complete justice in the same suit, or turning the defendant around to another suit, which, under various circumstances, may be of no avail. Where the nature of the employment, transaction, or dealings, necessarily constitutes an account, consisting of receipts and payments, debts and credits, it is certain, that only the balance can be the debt; and, by the proper forms of proceeding in courts of law or equity, the balance only can be recovered. After a judgment, or decree "to account," both parties are equally actors. Where there were mutual debts un·connected, the laws said, they should not set-off; but each must sue. And courts of equity followed the same rule, because it was the law; for, had they done other-

wise, they would have stopped the course of law in all cases where there was a mutual demand.    The natural sense of mankind was first shocked at this in the case of bankrupts; and it was provided for by 4 Anne, Ch. 17, S. 11, and 5 Geo. 11, Ch. 30, S. 28.    This clause must have, everywhere, the same construction and effect; whether the question arises upon a summary petition, or a formal bill, or an action at law.    There can be but one right construction; and therefore, if courts differ, one must be wrong.    Where there was no bankruptcy, the injustice of not setting-off (especially after the death of either party,) was so glaring, that parliament interposed by 2 Geo. 11, Ch. 22, and 8 Geo. 11, Ch. 24, S. 5."

It is the policy of our law to settle in one action, so far as may be, all claims arising upon contract between the same parties.    And this, too, whether the damages are liquidated or not.    In the case at bar the action is brought upon the undertaking—the contract of the plaintiff to pay whatever damages the defendant should sustain by the attachment, if it was wrongfully issued.    In no event, can the judgment on the undertaking exceed the penalty therein, while it may be very much less.    In our opinion it is more in harmony with the letter and spirit of the code to allow a set-off to be pleaded in all actions founded upon contract.    And that, too, whether the damages are liquidated or not.    *Stevens v. Able*, 15 Kans., 584.    *Read v. Jeffries*, 16 Id., 534.    The doctrine of *Boyer v. Clark* is therefore modified to that extent. And the Raymond Brothers being the principals in the undertaking, and the claim being in their favor may be set-off.    *Wagner v. Stocking*, 22 Ohio State, 297.

The value of the services of the attorneys employed by Green & Co., to procure a dissolution of the attachment, was a proper item of damages, and the fact that such services had not been paid for, would not prevent a recovery of the amount reasonably due.    The judgment

of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.