## No. 10,872.

### MOORE & SINNOTT VS. LOUISIANA NATIONAL BANK.

In the absence of instructions the collecting agent was authorized to infer that the warehouse receipts were annexed to the draft to secure its acceptance, and were to be surrendered on acceptance.

The duty of the collecting bank was to obtain the acceptance of the bill.

The acceptor being a purchaser was entitled to the goods on his accepting the bill. The sale was a credit sale.

It was not proven that the defendant had any notice of any condition made to retain the warehouse certificates until payment, or that the insolvency of the drawees was imminent.

The instruction "for collection" in sending a draft to a collecting agent does not relieve him from the duty of obtaining acceptance of the draft and the delivery, if required by the drawees, of the warehouse certificates attached.

APPEAL from the Civil District Court for the Parish of Orleans.
*Voorhies, J.*

*W. S. Benedict* for Plaintiffs and Appellants.    Cited: 43 An., p. 1; 38 Penn., p. 137; C. C., Art. 2997; C. C., Arts. 3002, 3009, 3010.

*Branch K. Miller* and *Henry C. Miller* for Defendant and Appellee:

When a bill of exchange with collaterals attached is sent to a bank for collection and with no other instructions, the duty is imposed on the bank of delivering the collaterals to the drawee when on the demand of the bank he accepts the bill. If the bank on such acceptance refused to deliver the collaterals and loss ensued, it would be liable to the drawer of the bill who transmitted it to the bank and liable also to the acceptor. See Morse on Banks and Banking; "Duty collecting Bank concerning collateral security," page 429; National Bank vs. Merchants Bank, 91 U. S., page 92; Lanfear vs. Blossman, 1 La. An., page 148.

Hence this suit, which undertakes to hold liable the Louisiana National Bank, because, with no instructions but to collect, it delivered to the drawee on his acceptance the collaterals attached to the bill, can not be supported.

The opinion of the court was delivered by

BREAUX, J.   This is an action by plaintiffs, a firm in Philadelphia, against this defendant to recover the value of fifty barrels of whiskey sold by them to Oppenheimer & Co.

The latter directed the plaintiffs to draw on them, payable in New Orleans, at one day's sight, for the purchase price. The whiskey was in a bonded warehouse, for which plaintiffs held certificates.

They drew on the purchasers and attached their warehouse receipts (indorsed by them) to the bill, which was handed to the First National Bank of Philadelphia, which sent it with the receipts to the defendants for collection. The letter was brief, and did not notify the collecting agent to retain the receipts on acceptance of the draft. In compliance with usage the draft was left with the drawees for examination and it was returned by them with their acceptance, and they retained the warehouse receipts.

The acceptors sold these receipts.

The draft was returned by the collecting agent to the Philadelphia bank unpaid.

Plaintiffs allege that the illegal delivery of these warehouse certificates by the defendants enabled the drawees to perpetrate a fraud upon their rights.

Testimony was admitted for the purpose of proving the local usage and custom of collecting banks in matter of retaining or delivering, after the acceptance of drafts, bills of lading or warehouse certificates attached.

Two of the witnesses, cashiers, testify that it is the custom of business houses to surrender all evidences of ownership annexed to the draft immediately after its acceptance, unless instruction is given not to deliver them before its payment.

Three other witnesses, also cashiers, testify that their respective banks would not deliver the warehouse certificates or bills of lading attached, on the acceptance of the draft, unless so instructed by the party by whom sent.

The sale had been agreed upon. The remaining conditions to perfect it was the acceptance of the draft by the drawees and the transfer of the thing sold into the possession of the buyer.

The seller is bound to deliver the thing which he sells whether sold for cash or on credit; in case of non-delivery the seller is liable to damages, if any be thereby occasioned.

The term given for payment will not release the vendor from his obligation, unless since the sale the buyer has become a bankrupt or is in a state of insolvency.

The insolvency of the drawees, at the time of the acceptance of the drafts, is not an issue of the case.

The allegation and the proof do not raise that question.

It is the duty of the collecting agent, immediately after receiving a bill for collection, to take the steps necessary to its prompt acceptance, and if the instrument be not accepted, he must take the necessary steps to fix the liability of the drawee.

If he fails he becomes liable.

In order to obtain the acceptance of the drawee, should he decline, unless there are conditions to the contrary, of which he is advised, he must deliver the warehouse receipts attached.

If he retains them, he fails to make the delivery of the property the seller is bound to make.

He retains the property without any instruction from the seller.

Without delivery of this property the drawee's acceptance would be without consideration and his draft would be placed in commerce without his having received anything.

The acceptance of the draft makes the drawee the principal debtor.

As this draft was made payable one day after sight, with the three days of grace, it was demandable, as to its payment, in four days.

It was not a cash sale; the records do not disclose that the contract implied a sale for cash.

Plaintiff's counsel argues as if it was an unavoidable inference, that should have controlled the action of the defendant.

The general purpose of the law of negotiable paper and the good of commerce require exactness and certainty.

The contract is well defined.

It must be executed promptly and accurately.

A sale on credit will not give rise to the presumption of an intended cash sale.

The restricted endorsement is relied upon by plaintiffs.

The endorsement for collection does not pass the title or the right to the proceeds of the paper, but it makes the endorsee or collecting agent the trustee of the holder, and as such he can not be rendered liable if he complies with an agreement made manifest by the contract.

From Tiedman " On Commercial Paper," p. 494, new copy:

" But where the bill of exchange is payable in the future, in the absence of special agreement the bill of lading is to be delivered to the vendee upon his acceptance of the bill of exchange according to its tenor; and the holder can not insist upon holding it until the bill

of exchange is paid. The drawee of the bill of exchange may refuse to accept unless the bill of lading is surrendered."

It was held in National Bank vs. Merchants' Bank, 91 U. S. R., p. 92, an analogous case, that in the absence of instruction the plaintiff in error was justifiable in having surrendered the bills of lading annexed to the bill on acceptance.

It is difficult to conceive of any other meaning of the bill.

We abbreviate from that opinion:

If the drawee had given a promissory note for the goods, payable at the expiration of the stipulated credit, it is clear that the vendor could not retain possession of the property after receiving the note for the price.

The consideration of the sale is the note. The acceptor of a bill of exchange stands in the same position as the maker of a promissory note.

If he is denied possession until payment, the transaction ceases to be what it was intended, and is converted into a cash sale.

The purchaser of property on credit has a right to immediate possession, unless there be a special agreement that it shall be retained by the vendor.

Such an agreement is not to be presumed.

The collecting agent has no right to assume that the vendee's term of credit expires before he has the goods, and require him to accept the vendor's draft and rely upon his engagements to deliver it a future time.

With reference to the authority of the agent, who was entrusted (as was the agent in the case at bar) with a draft "for collection," the court holds that the instruction means simply to rebut the inference from the indorsement that the agent is the owner of the draft. That the instruction was to collect the money, and if the drawee is not bound to accept without surrender, it is the duty of the agent to make the surrender.

" The drafts were all time drafts."

One was drawn at sight, but in Massachusetts, says the court, such drafts are entitled to grace, and in consequence the court classes it as a time draft.

In Lanfear vs. Blossman, 1 An. 148, it was decided that the holder of a bill of exchange can not, in the absence of proof of any local usage to the contrary, or of the imminent insolvency of the drawee,

require the latter to accept the bill of exchange, and he, as holder, retain the bill of lading attached.

The decision is favorably commented upon by Justice Strong, the organ of the court in the case to which we have referred.

It is pleaded that plaintiff's claim is sustained by the local custom of merchants, and testimony was heard in support of the plea.

The principle upon which such evidence is to be considered is that the parties meant when they sent the draft to let the collecting bank follow the local custom and usage, and that, therefore, instructions were unnecessary.

It is not proven that plaintiffs knew of any such local usage and custom, nor is it at all manifest that there is any local custom as contended by plaintiffs.

Analysis of the testimony leads to the conclusion that it is not customary to retain warehouse receipts and bills of lading attached to time drafts, after acceptance.

The individual instances proven do not have the force of custom.

They are not the results of acts repeated " which have acquired the force of a tacit and common consent." C. C. 3.

It is not the settled custom.

If it were, it would be inconsistent with jurisprudence established by a number of trustworthy decisions which exclude such a custom.

The judgment appealed from is affirmed at plaintiff's cost.