CITY OF SOUTH OMAHA v. JOHN RUTHJEN.

FILED APRIL 7, 1904.   No. 13,545.

1. Instructions. Instructions given and refused examined, and *held* to be without prejudice.

2. Witnesses: VALUES. Persons who have resided for several years and own property in the immediate neighborhood of property alleged to have been damaged by grading a street in front of such property, and who seem, upon examination, to be well informed of its situation, condition and value, are competent witnesses on the question of its value.

3. Interest. Where the plaintiff in an action does not pray for interest, none can be recovered.

ERROR to the district court for Douglas county: GUY R. C. READ, JUDGE. *Affirmed upon condition.*

*Murdock & Cohn* and *E. R. Leigh,* for plaintiff in error. *W. R. Patrick, contra.*

FAWCETT, C.

This action was commenced by defendant in error, hereinafter styled plaintiff, against the plaintiff in error, hereinafter styled defendant, to recover $200 damages, which plaintiff claims to have sustained by reason of the grading of a portion of 12th street in South Omaha in

38

front of his premises. He alleges that the defendant cut the street down in front of his premises to a depth of about 6 feet without first establishing a grade upon said street, and without providing for the payment of damages occasioned thereby; that on October 7, 1901, he gave defendant written notice of his claim for such damages. The prayer of his petition is "for the sum of $200, together with costs of this cause." For answer the defendant admits that certain grading was done in front of plaintiff's premises; denies that it was done by or under the direction or authority of the city; denies that defendant had authority under its charter to do the work in the manner alleged; alleges that the work was done by parties desiring an opening through from 13th street easterly to the river; alleges that the work was done in accordance with the specific permission of the plaintiff and at his request and sanction; denies that plaintiff has been damaged, but alleges that by reason of the grading the property of the plaintiff has been benefited and its value greatly increased. The reply is a general denial. There was a trial to the court and a jury, resulting in a verdict in favor of the plaintiff for $220.71. Judgment was entered upon this verdict, motion for new trial overruled, and the case is now here on error.

Defendant claims that it is entitled to a reversal of this case for the following reasons: "(1) The trial court erred in giving instruction numbered 2 of the instructions given on its own motion. (2) The trial court erred in giving instruction numbered 4 of the instructions given on its own motion. (3) The trial court erred in refusing to give instruction numbered 3 of the instructions requested by the defendant. (4) The trial court erred in permitting the witnesses Ma Dru and B. Tangeman to testify, over the objection of defendant, to the value of plaintiff's property." These are the only assignments argued in defendant's brief, and under the well established rule in this court they are the only ones that will be considered.

Instruction numbered 2 complained of is as follows:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the material allegations of his petition not admitted by the answer; and the burden of proof is upon the defendant to establish each of the affirmative allegations of his answer."

It is evident that counsel does not object to this instruction in and of itself, but complains that the court nowhere else in its instructions tells the jury what the material allegations are in either the petition or answer. If either the petition or answer contained immaterial matter, the position taken by defendant would be sound, but we think the case comes clearly within the rule laid down by this court in *Murray v. Burd*, 65 Neb. 427. Neither the petition nor answer contains any immaterial matter. Both pleadings are more than ordinarily brief and explicit in cases of this kind, and we think that instruction numbered 2, taken in connection with the statement of the issues contained in instruction numbered 1, preclude the idea that the jury could in any manner have been misled by being left in doubt as to what matters were for their consideration.

Instruction numbered 4 is as follows:

"If you find from the preponderance of the evidence that the grading in front of the plaintiff's premises was done, either by virtue of the resolution of the city council introduced in evidence, or by the employees of the defendant city, under the instruction of its officers or any of them, and any damage was occasioned to the plaintiff's property thereby, your verdict should be for the plaintiff."

It is argued by defendant that under this instruction the jury would have been warranted in holding the defendant liable if the work had been done under the instruction of a single councilman or any other officer of the city. As an abstract proposition counsel is right, and the instruction is wrong; but, in the light of the evidence in this case, we do not see how the jury could possibly have been misled by it. There is no conflict in the evidence as to the fact that the work was done by the city's grading

gang, under the supervision of a city street boss, and, in fact, we think the evidence fairly shows that it was done under the supervision of the city engineer himself. Be that as it may, there is absolutely no claim that any officer unauthorized to act in a case of this kind assumed to act. If such had been the case, the instruction might have been prejudicial; but in this case, we can conceive of no possible manner in which the defendant could have been prejudiced by the giving of it.

Instruction numbered 3 requested by the defendant and refused by the court is as follows:

"You are instructed that in determining the amount of damages resulting to plaintiff, if any, by reason of the excavations aforesaid, you shall take into consideration the benefits accruing to plaintiff's property, if any, by reason of the grading aforesaid."

We do not think any discussion is necessary to demonstrate the correctness of the court's action in refusing this instruction. Under it, the jury would have been warranted in taking into consideration general benefits, which can not be done.

We have examined the testimony of the witnesses Ma Dru and Tangeman very carefully, and are unable to agree with counsel for defendant that the court erred in permitting these witnesses to testify as to the value of plaintiff's property. On their direct examinations they were asked if they knew the value of this property, and they answered, "Yes." Counsel for defendant did not then question them upon this point, but simply rested upon his objection that sufficient foundation had not been laid. This objection was not well taken. Subsequently, on cross-examination, he sought to show that they had not sufficient knowledge to entitle them to testify; but in this we think he failed. While their cross-examinations show that they are not what would be termed experts, yet it does fairly show that they were well acquainted with the property; that they had considerable knowledge of the values of adjoining property; that they owned property

themselves within a block or two of the property in controversy; and, in fact, they showed as much knowledge as is usually shown on the part of witnesses classed as non-expert witnesses.

The verdict was for $220.71, when the prayer of the petition was for $200 and costs. The court in its instruction authorized the jury to add interest to whatever amount it might find due to plaintiff as damages. This should not have been done, as the plaintiff does not pray for interest, but simply prays a judgment for $200 and costs. Plaintiff should therefore enter a remittitur for $20.71.

While the instructions given by the court are not as full and explicit as instructions in such case should be, yet an examination of the entire record satisfies us that the court has not committed any prejudicial error.

We recommend that if plaintiff shall within 20 days from the filing of this opinion enter a remittitur for $20.71, the judgment be affirmed; otherwise, that it be reversed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that if plaintiff shall within 20 days from the filing of this opinion enter a remittitur for $20.71, the judgment of the trial court shall stand affirmed; otherwise, that the same be reversed and remanded for a new trial.

JUDGMENT ACCORDINGLY.