JONATHAN HIGGINS, APPELLEE, V. J. I. CASE THRESHING
MACHINE COMPANY ET AL., APPELLANTS.

FILED JANUARY 7, 1914.   No. 17,477.

1. **Interest: RECOVERY: PLEADING.** Under the provisions of section
   92 of the code, "where the plaintiff in an action does not pray
   for interest, none can be recovered." *City of South Omaha v.
   Ruthjen*, 71 Neb. 545.

2. **Appeal: ACTION ON BOND: ATTORNEYS' FEES.** In an action upon an
   appeal bond, unless provided for by statute, or the usual course
   of the law, attorneys' fees will not, ordinarily, be allowed as having ·
   been incurred in resisting an unsuccessful appeal from a judg-
   ment or final order of the district court to the supreme court.

APPEAL from the district court for Furnas county:
ROBERT C. ORR, JUDGE. *Affirmed on condition.*

*O. A. Abbott* and *R. J. Harper,* for appellants.

*Lambe & Butler* and *W. S. Morlan, contra.*

REESE, C. J.

This action was commenced in the district court for
Furnas county upon the provisions of an appeal or super-
sedeas bond executed by the J. I. Case Threshing Ma-
chine Company with the National Surety Company as
surety. The history of the case dates from the year
1878, when defendant and appellant herein obtained a
judgment against the plaintiff herein and others for the
sum of $799.19 in the district court for Nemaha county.
A transcript of the judgment was filed in the office of
the clerk of the district court for Custer county in 1889,
and proceedings were there instituted for a revivor of
the judgment, and an order of revivor was entered.
This plaintiff had become a resident of Furnas county.
A transcript was taken from Custer county and filed in
Furnas county, where a proceeding in garnishment was
commenced against him, and debts to the amount of about
$19,050 were seized by the garnishee process. At a

subsequent session of the district court the garnishment was set aside and vacated. The threshing machine company appealed to the supreme court and executed a supersedeas bond in the sum of $5,200 in favor of this plaintiff, and thus held the garnishment good until the final decision of the supreme court was rendered, which affirmed the judgment of the district court. The decision was rendered October 22, 1909, and is reported in *Case Threshing Machine Co. v. Edmisten*, 85 Neb. 272. By the appeal the whole garnishment was held in force from the 27th day of June, 1908, until the 3d day of December, 1909, when finally vacated by the mandate from the supreme court. The allegations of the petition are, in substance, that the garnishment was wrongful and malicious; that the appeal and supersedeas bond by which so much of plaintiff's property was tied up was oppressive and deprived plaintiff of all interest and income therefrom for the time specified, to wit, one year, five months and seven days. The bond bound defendants to "pay all costs and damages that may accrue to the said Jonathan Higgins on account of appealing from the said order of the said court discharging said garnishees, and shall hold the said Jonathan Higgins harmless on account of said appeal." The suit is for interest on the funds which were tied up by the appeal, they being largely in the banks on deposit without interest, and that plaintiff was driven to borrow money from his other resources and credit and pay interest thereon. The damages alleged were $2,666, including $500 for attorneys' fees, for which judgment was demanded.

The defendants answered separately, the issues presented being substantially the same, admitting the legal proceedings set out in the petition, but denying that the garnishment or appeal was wilful or malicious; alleging the validity of the judgment against plaintiff, the validity of the revivor by the district court for Custer county; admitting the issuance of the garnishee summons, that the same was quashed, the appeal, and execution of the bond, that final judgment in the supreme

court was adverse to defendant; denying all allegations as to the amount of money impounded by the garnishment and appeal proceedings; alleging that it was the duty of plaintiff to adopt all reasonable precautions to reduce and avert any loss or damage he or defendants might sustain, by applying to the district court for leave to have the garnishees deposit with the clerk such sum as might be necessary to satisfy the judgment and costs, including the probable costs in the supreme court in case the judgment of the district court should be reversed, and order the residue paid over to plaintiff by the garnishees so that all parties to the proceedings might be protected, but, instead of so doing, plaintiff neglected to disclose to defendants the amount claimed by him to have been in the custody of the garnishees, but carefully concealed the same, whereby plaintiff was estopped to claim or recover interest on the same.

Plaintiff replied by a general denial of the new matter set up in the answer.

A jury trial was had, which resulted in a verdict in favor of plaintiff, finding due him as interest on the funds impounded from the 27th day of June, 1908, to the 3d day of December, 1909, the sum of $401.80, and for expenses and attorneys' fees incurred the sum of $325, and assessing the total at the sum of $726.80, with interest at the rate of seven per cent. from the 3d day of December, 1909, upon the amount so found due, aggregating the sum of $799.71. A motion for a new trial was filed and overruled, and judgment rendered on the verdict. Defendants appeal.

On the trial defendants asked and the court gave the following instruction: "You are instructed that, while the defendants admit that some amount is due for the impounding of the money and property of the plaintiff under the garnishee proceedings, they contend that nothing is due for attorneys' fees claimed, and that the amount claimed is excessive." In the brief of defendants it is said that "defendants do not contend that the damages due the plaintitff on account of interest on the

moneys impounded from June 27, 1908, to December 3, 1909, to wit, $401.80, is excessive," but that "no interest should have been allowed on the amount of the damages found to have been incurred from December 3, 1909, to October 25, 1911" (the date of the trial). By this we are given to understand that it is defendants' contention that no interest should have been allowed on the $401.80, which was found due as interest on the moneys impounded, but that the $401.80 is not objected to. Should that sum have drawn interest to the time of the trial from the time it matured as found by the verdict of the jury?

After stating the facts in the amended petition constituting plaintiff's cause of action, it is alleged: "This plaintiff has been damaged by reason of the foregoing the sum of at least $2,666. Wherefore, by reason of the foregoing, the plaintiff prays judgment against the said defendants, J. I. Case Threshing Machine Company and National Surety Company of New York, for the sum of $2,666 and costs of suit." It will be observed that the subject of interest is not mentioned, nor interest demanded. Section 92 of the code provides: "If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed the time from which interest is to be computed shall also be stated." In *City of South Omaha v. Ruthjen*, 71 Neb. 545, it is said in the syllabus: "Where the plaintiff in an action does not pray for interest, none can be recovered." In the body of the opinion we said: "The verdict was for $220.71, when the prayer of the petition was for $200 and costs. The court in its instruction authorized the jury to add interest to whatever amount it might find due to plaintiff as damages. This should not have been done, as the plaintiff does not pray for interest, but simply prays a judgment for $200 and costs. Plaintiff should, therefore, enter a remittitur for $20.71." Over the exceptions of defendants in this case, the court instructed the jury that "the plaintiff is further entitled to interest at the rate of 7 per cent. per annum upon such sums" (interest on the money im-

pounded and attorneys' fees) "from the 3d day of December, 1909, to the present date, to wit, October 25, 1911," the giving of which was assigned for error in the motion for a new trial and in the assignments in this court. This same question was raised in *Rawlings v. Anheuser-Busch Brewing Ass'n*, 1 Neb. (Unof.) 555, and a decision similar to *City of South Omaha v. Ruthjen, supra*, was rendered; the plaintiff being required to remit the interest. The statute and those decisions settle the question in this state, that no interest can be allowed, and we are bound thereby.

The next question presented is as to plaintiff's right to collect attorneys' fees incurred in resisting the appeal taken to this court in the case of this defendant against this plaintiff, *Case Threshing Machine Co. v. Edmisten*, 85 Neb. 272. As we have hereinbefore said, the appeal bond bound the defendants to pay all costs and damages that may accrue to plaintiff on account of the appeal, and shall hold him harmless on account thereof. There is a strong reason, under the circumstances of this case, for holding defendants liable for such reasonable attorneys' fees as plaintiff had to pay. Money many times over the amount of any claim defendant could have had against plaintiff was tied up by the garnishee process and of which he was deprived the use and income, and, were it not for the legislation and the holdings of the courts upon that subject, we would be strongly inclined to hold that reasonable attorneys' fees could be recovered. It is the practice in this state to allow the recovery of attorneys' fees only in such cases as are provided for by law, or where the uniform course of procedure has been to allow such recovery. As a general rule of practice in this state, attorneys' fees are allowed to the successful party in litigation only where such allowance is provided by statute. Such fees in an action on an appeal bond have not been allowed, so far as we are advised in any case, although, so far as we know, the question has not been squarely presented in this state.

In *Williams v. Fidelity & Deposit Co.*, 15 Am. & Eng. Ann. Cas. 723 (42 Colo. 118), it is stated in a syllabus prepared by the annotator that "an appeal or supersedeas bond in an ordinary civil action or will contest, which provides for the payment of 'all damages' which the obligee may sustain by reason of the appeal, does not entitle the obligee to recover as part of such damages attorneys' fees paid in resisting the appeal or writ of error." The case is quite fully annotated, and it is said: "The reported case is in harmony with the general rule that, in an action on an appeal bond stipulating for the payment of damages, attorneys' fees expended in resisting the appeal cannot be recovered as part of such damages." A large number of cases are cited as supporting the note. In a note to 2 Cyc. 958, it is said that "attorneys' fees expended in resisting an unsuccessful appeal, cannot be recovered as damages in an action on the appeal bond," citing a number of cases, some of which at least are cited in the note herein above referred to. But see *Shows v. Pendry*, 93 Ala. 248, 9 So. 462; *Drake v. Webb*, 63 Ala. 596.

Owing to the peculiar conditions of the bond, and the unreasonable amount of plaintiff's money impounded thereby, we are not entirely free from doubt as to the correctness of this holding, but are persuaded that under the authorities cited the judgment for the amount of attorneys' fees cannot stand.

The judgment of the district court is reversed and the cause is remanded for further proceedings, unless plaintiff enter a remittitur therefrom of all except the $401.80 as of the date of the judgment. In case such remittitur is filed in the office of the clerk of this court within 60 days from this date, the judgment of $401.80 will be affirmed, the same to draw interest at 7 per cent. per annum from the date of its entry in that court.

AFFIRMED ON CONDITION.

BARNES, ROSE and SEDGWICK, JJ., not sitting.