MARGARET L. VOSS, APPELLEE, V. LESLIE L. VOSS, APPELLEE:
MABEL VOSS, INTERVENER, APPELLANT.

14 N. W. 2d 849

FILED JUNE 2, 1944. No. 31806.

*William B. Quigley* and *Frederick M. Deutsch,* for appellant.

*William M. Ely, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This appeal involves the assignment of error as to whether or not the trial court erred in making the award for allowance of suit money and attorney's fees against a paternal grandmother, who had been awarded the custody of a minor child until such child was 21 years of age or until the further order of the court, and where, subsequently, the mother of the child sought to modify the decree with reference to the custody, the paternal grandmother being required by the court to have the child brought before the court, and thereafter seeking to intervene in the action. The trial court made an order requiring the paternal grandmother to pay into court $150 for the wife's use in taking depositions and procuring the attendance of witnesses, and attorney's fees in the sum of $100 for the wife's attorney.

Section 42-308, Comp. St. 1929, provides, in substance, that the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency.

The general rule of practice in this state is that "attor-

neys' fees are allowed to the successful party in litigation only where such allowance is provided by statute." See *Higgins v. J. I. Case Threshing Machine Co.*, 95 Neb. 3, 144 N. W. 1037; *State ex rel. Charvat v. Sagl*, 119 Neb. 374, 229 N. W. 118; *Blacker v. Kitchen Bros. Hotel Co.*, 133 Neb. 66, 273 N. W. 836.

In 17 Am. Jur. 412, sec. 505, it is said that the "liability for alimony and suit money has no foundation other than the marital relation between the parties, and, as has been shown, by virtue of its very definition, the allowance must be made out of the estate of the husband."

It is clear that, before the paternal grandmother can be charged with suit money and attorney's fees during the pendency of litigation to modify a decree, affecting the custody of a child and the change of that custody, such must be provided for by statute, and it is not so provided in this state.

The judgment for suit money and attorney's fees is reversed.

REVERSED.