**IRBY CONSTRUCTION COMPANY, Plaintiff,**

v.

**UNIVERSAL SURETY COMPANY and Steven H. Schreiner, Defendants.**

**Civ. No. 03298.**

United States District Court,
D. Nebraska.
May 20, 1971.

Malcolm Young, of the law offices of Young, Kuhn & Person, Omaha, Neb., for plaintiff.

William H. Lewis, of the law offices of Mattson, Ricketts, Gourley & Lewis, Lincoln, Neb., for defendant, Universal Surety Co.

Benjamin Wall, of the law offices of Foulks, Wall & Wintroub, Omaha, Neb., for defendant, Steven H. Schreiner.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter arises on motion of the Court, *sua sponte,* to consider the question of the Court's jurisdiction. The problem originally arose out of a motion to dismiss for lack of jurisdiction [Filing 32] filed by defendant Steven H. Schreiner [Schreiner]. The basis of that motion was completely without merit and is hereby dismissed without further discussion. The basis of the Court's motion is, however, much more substantial and was brought to the attention of the Court by counsel for defendant Universal Surety Company [Universal].

In 1968, defendant Schreiner brought suit against Irby Construction Company [Irby] and others for an accounting and damages in the amount of $204,000 from Irby. As a part of that action, Schreiner caused garnishment to issue against Irby and approximately $140,-000 of the funds belonging to Irby were garnisheed. The Douglas County District Court sustained Irby's motion to quash and discharge the garnishment as illegal and, in order to appeal, Schreiner was required to execute a supersedeas bond in the amount of $50,000. Defendant Universal, as surety for Schreiner, also executed the bond. It is upon this bond that Irby brings the present action.

Irby claims damages as to three separate items: Damage for the use of the money wrongfully withheld by the garnishment ($7,945.24); damage from the expense of attorney fees in obtaining dissolution of the garnishment ($5,075.-00); and miscellaneous costs and expenses of a minor nature ($177.61). Irby must allege the recoverability of the item of attorney fees in order to reach the jurisdictional amount requirement of 28 U.S.C.A. § 1332. If, as defendants have urged in their brief on the subject, the attorney fees are not recoverable as a matter of law, then the Court must dismiss this action.

The Court cannot tell from the pleadings or the brief submitted by Irby whether the attorney fees claimed include expenses for both the dissolution of the garnishment and resistance of the appeal which followed to the Nebraska Supreme Court. It is also not clear whether any fees expended in the defense of the main action under which the garnishment issued are included

with the total sum claimed in the complaint. Assuming for the moment that all such sums were included to some degree in the $5,075 amount claimed in the complaint, the Court will consider the recoverability of each type of attorney fee under a supersedeas bond such as is the subject of this action.

### RECOVERABILITY OF ATTORNEY FEES EXPENDED RESISTING APPEAL

The law in Nebraska seems to have been settled since the case of Higgins v. Case Threshing Machine Co., 95 Neb. 3, 144 N.W. 1037 [1914], that attorney fees expenses in the resistance of an appeal from a dissolution of garnishment under a supersedeas bond are not recoverable. The terms of the Universal bond do not seem to vary, as they relate to the appeal costs, from the provisions of the bond in *Higgins*. This also seems to be the position of the weight of authority in the several jurisdictions. Annotation 37 A.L.R.2d 525 [1954].

### RECOVERABILITY OF ATTORNEY FEES EXPENDED IN MAIN ACTION

Again, the weight of authority holds that attorney fees expended in defending the main action under which a wrongful garnishment or attachment has issued are generally not recoverable. Annotation 65 A.L.R.2d 1426, 1433, § 6. Nebraska apparently has not spoken on the subject, but the Court is of the opinion, under the tenor of the *Higgins* case, *supra*, and subsequent Nebraska Supreme Court opinions, that the Nebraska rule would follow the course of the majority of the courts stated above.

### RECOVERABILITY OF ATTORNEY FEES EXPENDED ATTACKING GARNISHMENT

The last item conceivably included within plaintiff's claim for attorney fees is the expense of attacking and obtaining dissolution of the original order of garnishment. If plaintiff cannot recover upon such a claim in Nebraska as a matter of law, this suit must necessarily be dismissed by the Court for failure to satisfy the requirements of 28 U.S.C.A. § 1332 as to jurisdictional amount.

Nebraska determined that attorney fees expended directly attacking a garnishment wrongfully issued were items of damage and appropriately recoverable under an attachment bond which by its terms covered damages incurred by the wrongful attachment in Raymond Bros. v. Green & Co., 12 Neb. 215, 10 N.W. 709 [1881]. This case has never been questioned or overruled and is good law in Nebraska. The Court also notes that that holding is in accord with the holdings of the majority of courts which have considered the matter and does not believe that the Supreme Court of Nebraska would do else than follow the holding of the *Raymond Bros.* case today.

Thus, it appears that Nebraska has long considered attorney fees expended in directly attacking a garnishment as an item of *damages*. This holding is not in conflict with the *Higgins* holding, *supra*, in that *Higgins* dealt solely with attorney fees expended in resisting an appeal from the dissolution of a garnishment, not with the question of whether such fees incurred in the direct attack of a garnishment were properly denominated as an item of damage.

Thus, the question remains as to whether Irby can recover any amount expended in. its attack on the original garnishment in Douglas County District Court under the precise terms of the supersedeas bond involved in the present action.

The bond for which Schreiner was principal and Universal was surety contains the following language:

* * * and will pay defendant [Irby] and garnishee all damages which they shall sustain by reason of said garnishment if it be finally decided that such garnishment ought not to have been granted.

It is obvious, then, that since Nebraska considers attorney fees expended in directly attacking a wrongful garnishment as properly items of damage, and since the bond here involved states that the principal and surety "will pay [Irby] * * * all damages which [Irby] shall sustain by reason of" the wrongful garnishment, Irby can properly claim such attorney fees in an action on that bond and use that item of damages in reaching its jurisdictional amount requirement in this case.

■ The problem now facing the Court is what amount, if any, of the $5,075 attorney fees claim of Irby was expended in a direct attack upon the wrongful garnishment as opposed to expenses for resisting the appeal or defending the main action under which the garnishment was issued. The Court is of the opinion that it cannot dismiss Irby's claim unless it is a legal certainty that Irby cannot recover over $10,000 exclusive of interest and costs. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 [1938]. This Court cannot say as a legal certainty that Irby is not entitled and could not recover, under the theories it has presented, in excess of $10,-000.

It is therefore ordered that plaintiff, Irby Construction Company, has ten (10) days from the date of this Order to file with the Clerk of this Court and serve upon opposing counsel in the manner provided by law a third amended complaint in which it will set out only that portion of the attorney fees claimed which represent those amounts expended or incurred by plaintiff in the successful pursuance of its motion to quash in Douglas County District Court. If plaintiff cannot in good faith attain the jurisdictional requirement thereby, its complaint will be dismissed.

It is further ordered that defendant Schreiner's motion to dismiss is totally devoid of merit and is hereby overruled.