HOUGHTALING, Plaintiff in Error, *vs.* BALL & CHAPIN, Defendants in Error.

1. It is error to instruct that a plaintiff cannot recover, if he offers any evidence whatever tending to establish his cause of action.

2. The fact that wheat contracted to be sold and delivered in Illinois is *to be paid for* on its arrival in Missouri, will not subject the contract to the operation of our statute of frauds.

3. If a party in our courts relies upon an Illinois statute of frauds, the burden is upon him of showing the existence of such a statute.

4. Whether there has been a delivery or not, so as to take a case out of the statute of frauds, is a question of fact to be passed upon by a jury under the direction of the court.

### Error to St. Louis Circuit Court.

*J. A. Kasson*, for plaintiff in error. 1. There was evidence of a delivery and acceptance which should have gone to the jury. *Dodsley* v. *Varley*, 12 Adolph. & Ellis, 634. *Elmore* v. *Stone*, 1 Taunt. 458. Story on Sales, §277. Story on Contracts, 513. 2 Kent's Comm. 499. 2. But if there was no delivery, the contract, having been made in Illinois, was not subject to the operation of our statute of frauds. The *lex loci contractus* controls. Story's Con. of Laws, §242 (*a*,) 261, 262, 285. If the defendant claims the protection of an Illinois statute, he must show its existence.

*Knox & Kellogg*, for defendants in error. The contract established by the plaintiff was manifestly void, as being within the statute of frauds. R. C. ch. 68, sec. 6. There never was a delivery of the wheat to the defendants. As to what constitutes a delivery, see Story on Con. 252, sec. 13. Chitty on Con. 7 Am. ed. 391. Nor is it material in this case whether

the statute of frauds has ever been adopted in the state of Illinois, where this contract was made. See Law Magazine, vol. 49, No. 99, for May, 1853, p. 80. *Jerome* v. *Brown*, 22 vol. Law Journal, N. S. C. B. p. 1. Story on Conflict of Laws, sec. 262, p. 391. 10 Bingham, 376.

SCOTT, Judge, delivered the opinion of the court.

The plaintiff's petition stated that he sold to the defendants two thousand bushels of wheat, at the price of one dollar and five cents per bushel, to be paid for upon the arrival of the wheat at St. Louis, to the agents of the plaintiff; that the wheat was sold to the defendants and delivered to their agent at Chicago, in the state of Illinois, who was to ship the same to St. Louis; that the wheat was shipped to St. Louis, and that the defendants refused to receive it and pay for it. The answer of the defendants denied all the material facts set forth in the petition. After the plaintiff had offered some testimony conducing to establish his cause of action, the court instructed the jury that there was no evidence that would warrant the jury in finding a verdict for the plaintiff, upon which the plaintiff submitted to a nonsuit.

1. As there was evidence in support of the plaintiff's action, the instruction should not have been given. The jurors were the judges of the weight of evidence. If there was a question of law upon the testimony in the cause, the facts should have been hypothetically stated in an instruction, and the law applied to them. It is obvious that, as the case comes from the court below, there is no question of law for this court to decide. None was made, and, so far as the record is concerned, we are utterly at a loss to ascertain the point on which the cause was determined in the court below.

2. It is not perceived how the statute of frauds could affect the contract, as stated in the petition. It is alleged that the wheat was sold and delivered. If so, the statute had nothing to do with the case. There being a delivery of the article sold,

the contract was taken out of the operation of the statute. The allegation that the payment was to be made upon the arrival of the wheat at St. Louis, serves only to designate the time of payment, and, by no means, subjects the contract to the operation of the laws of Missouri. The laws of Illinois alone operated on the agreement.

3. The courts of this state will not take judicial cognizance of any of the laws of our sister states, at variance with the common law; but upon common law questions, the legal presumption is, that the common law of a sister state is similar to that of our own. *Wilson* v. *Cockrill*, 8 Mo. Rep. 7. This principle would throw the burden of proving the Illinois statute, if it were necessary, on the defendant.

4. As to the delivery, it may be remarked, that it is a question of fact to be found by the jury, under the direction of the court.

The other judges concurring, the judgment will be reversed and the cause remanded.