The Selma, Rome and Dalton R. R. Company *vs.* Lacy.

The SELMA, ROME AND DALTON RAILROAD COMPANY, plaintiff in error, *vs.* ANN E. LACY, defendant in error.

When an action was instituted by the plaintiff in the Courts of this State, against the defendant, to recover damages for the death of her husband, alleged to have been killed by the defendant in the State of Alabama, under the provisions of the 2920th section of the Code:

*Held*, That the action could not be maintained in the Courts of this State, for the injury alleged to have been done within the territory of the State of Alabama, without an allegation in the declaration that the laws of that State were similar to our own in relation to the injury complained of; that in the absence of any such allegation, the Courts of this State will presume that the common law is of force in that State; that our own statute has no extra territorial operation.

Actions against Railroad Companies. Presumptions. Before Judge PARROTT. Whitfield Superior Court. January, 1871.

Mrs. Lacy avowed that "E. G. Barney, in his official capacity as Superintendent of the Selma, Rome and Dalton Railroad Company," and "A. D. Breed, lessee" thereof, had damaged her $30,000 00; for that, on the 3d of August, 1870, "the said defendants, in the State of Alabama, at or near Oxford," killed her husband by the careless running of their engine and cars. The road was avowed to be in said county.

This declaration was demurred to: 1st. Because an action did not lie against Barney as Superintendent. 2d. This action was not sustainable in said county, because the injury was inflicted in Alabama. 3d. Because the right of action, if any, was in the husband's representatives, and not in his widow, and because it showed no cause of action in plaintiff. The Court sustained the demurrer upon the first ground only, overruling the others. This is assigned as error by both parties, each complaining of so much as is against that party. Here the cases were argued and decided together.

MCCUTCHIN & SHUMATE; PRINTUP & FOUCHE, for S., R. and D. R. Co: This action is based on section 2920 of Re-

vised Code. It has no extra territorial force: Story on C. of L., section 7; 13 Mass. R., 104. *Lex loci* governs as to contracts and torts: 2 Redf. on R., 278; 1 Howard, 28. The common law is presumptively of force in Alabama: 4 Denio., 505; 10 Wend., 78; 1 Hill, 270; 3 Abb., 23; 23 N. Y., 465; 6 Cald., 582. No action for this cause at common law: 15 N. Y. R., 432; 28 Barb. R., 13; 27th, 249; 24 Ga. R., 362; 38th, 433. In Alabama the widow cannot sue, but representatives may: N. C. of Ala., 2297 to 3000.

JOSEH GLENN, for Mrs. Lacy.

WARNER, Judge.

This was an action brought by the plaintiff against the Selma, Rome and Dalton Railroad Company, in the county of Whitfield in this State, to recover damages for the death of her husband, alleged to have been killed by the defendant in running their engine and train of cars on said railroad at Oxford, in the State of Alabama. The defendant demurred to the plaintiff's declaration, on several grounds, and especially on the ground that the action cannot, by law, be maintained against the Selma, Rome and Dalton Railroad Company in the Superior Court of Whitfield county, Georgia, because it appears, from the plaintiff's declaration, that the injury was inflicted in the State of Alabama. This ground of demurrer was overruled by the Court, and the defendant excepted. There is no allegation in the plaintiff's declaration as to what is the law of the State of Alabama in relation to the alleged cause of action, and in the absence of any such allegation, the Courts of this State will presume that the common law applicable to the alleged cause of action, is of force in that State. By the common law, the plaintiff could not have maintained her action against the defendant for the death of her husband. The right of the plaintiff to recover damages for the homicide of her husband is con-

The Selma, Rome and Dalton R. R. Company *vs.* Lacy.

ferred by a special statute of this State : Code, 2920. But the statute of this State has no extra territorial operation, and the Courts of this State cannot administer it for the purpose of redressing injuries inflicted in the territory of Alabama. If it had been affirmatively shown that the law of the foreign jurisdiction in which the injury was done, was similar to that of our own as to the alleged cause of action, then it would have presented a different question. Although the Courts of this State will presume that the principles of the common law prevail and are of force in other States for the redress of wrongs and injuries done there as recognized by it, still, no such presumption can obtain in regard to the positive statutes of laws of this State, where the same are in conflict with the common law. If it had been alleged in the declaration that the law of the State of Alabama gave to the plaintiff a right of action to recover damages there for the injury, and it had shown what that law was, then the Courts of this State might, in the spirit of comity, have enforced that law here. Inasmuch, therefore, as it does not affirmatively appear, from the plaintiff's declaration, that in the State of Alabama, where the injury is alleged to have been done, the laws of that State are similar to our own in respect to the injury for which redress is sought here under the provisions of our statute, or that the common law is not of force in that State, in respect to the injury complained of, the Court below erred in overruling the demurer to the plaintiff's declaration. In the view which we have taken of this ground of the demurrer, it becomes unnecessary to express any opinion in regard to the other grounds taken, to the sufficiency of the declaration.

Let the judgment of the Court below be reversed.