### 7659.  RUSH v. SOUTHERN RAILWAY COMPANY.

The petition did not set forth a cause of action, and was properly stricken on general demurrer.

DECIDED MARCH 20, 1917.

Action for damages; from city court of Richmond county— Judge Black. June 21, 1916.

*Henry C. Roney,* for plaintiff.
*Cumming & Harper, Bryan Cumming,* for defendant.

GEORGE, J. The plaintiff alleged that he was an employee working for the defendant railway company in the State of South Carolina at the time of his injury. There is no allegation to the effect that he was engaged in interstate commerce, nor do the facts in the petition bring the case within the application of the Federal employer's liability act. His general employment was that of a carpenter, but he was required also to do other work at the direction of his foreman, and his foreman directed him to go into a box-car and bring from the car a bag of cement, to be used in the general work in which the plaintiff was engaged. The plaintiff had not been in this box-car on the day of his injury, but there is no allegation that there was anything unusual or peculiar about the car. He entered the car by the middle door, and, because it was a cloudy day, the car inside was very dark; he saw the cement bags piled in the far end of the car, but could not see more; he went to the cement and picked up a bag, and, as he turned to come out,

his feet became entangled in a large pair of scales, and he was thrown to the floor by reason thereof, and received injuries described in his petition. He alleged that on account of the darkness of the car he did not see the scales; that he was not advised that the car contained anything except cement; and that he would have safely performed the duty required of him had it not been for the presence of the scales in the car. He bases his right to recover upon the theory that the defendant had not provided him a reasonably safe place in which to work and had failed to notify him of the presence of the scales in the car. A general demurrer to the petition was sustained by the trial court, and the plaintiff excepted.

The petition alleging that this injury occurred within the State of South Carolina, and no statute of that State being pleaded, the legal presumption is that the common law governing the relations of master and servant prevailed at the place where the injury occurred; and the rights of the parties must be determined by the common law. *Southern Railway Co.* v. *Cunningham,* 123 *Ga.* 90 (50 S. E. 979). So far as the decision in the case of *Southern Railway Co.* v. *Diseker,* 13 *Ga. App.* 799 (81 S. E. 269), conflicts with what is here held, it is not in harmony with decisions of the Supreme Court and other decisions of this court. The burden is upon the plaintiff to show himself free from negligence; for contributory negligence, under the rules of the common law, would defeat his recovery. Further, the burden is upon the plaintiff, under the rules of the common law, to show that the defendant was negligent. If the negligence was that of a fellow servant there could be no recovery, or if the injury resulted from one of the ordinary and usual risks of employment there could be no recovery, at common law. It is by no means clear that the plaintiff himself was free from fault or negligence. He had been working in the open and entered the car, always more or less dark, upon a cloudy day, and, without taking any precautions, proceeded to the rear end of the car for the bag of cement. There was a large pair of scales on the floor of the car, and under usual conditions any ordinarily prudent person would have discovered the presence of the scales. According to the petition the plaintiff himself would have observed the scales but for the lack of sufficient light within the car. The only reason given for the unusual darkness within the

car is that the day was cloudy; and such a condition itself would seem sufficient to require of the plaintiff some additional precautions, in the exercise of ordinary care, before attempting to carry the heavy sack of cement out of the car. It does not appear that the defendant was negligent. It was under no duty to arrange the cement in the car in any particular fashion or in any particular part of the car. It was not improper that such a thing as a pair of scales should be in the car. The accident which befell the plaintiff, if not the result of his negligence, might properly be classified as a risk of his employment. Certainly it is a risk of the employment that the servant who is required to carry a heavy load may stumble over some article not improperly in the place where he is required to work. His means of knowing the condition of the car upon the occasion of his injury were equal to those of the master. Ordinarily and under usual conditions there would have been no danger in entering the car and carrying out the cement. The clouds of the heavens cut off from the car the ordinary and natural supply of light, and the plaintiff entered the car with full knowledge of these existing conditions.

There is not a line in the petition to indicate that the foreman under whom the plaintiff was working occupied any other relation than that of a fellow servant to him. Both the plaintiff and the foreman were engaged in a common duty owing to the master, and the foreman, under the facts alleged in this petition, must be considered as the fellow servant of the plaintiff. The ground of negligence alleged against the defendant in failing to warn the plaintiff of the presence of the scales within the car is based upon the failure of the foreman, his fellow servant, to so advise him. If this negligence be the cause of the plaintiff's injury he can not recover, because his petition is proceeding under the rules of the common law, in so far as they govern the relations of master and servant. His injury, however, was due to the presence of the scales in the car, combined with the darkness therein caused by the intense cloudiness of the day. The master presumably was at a distant point when the clouds spread over the sky, and the plaintiff himself was upon the ground, knew the conditions, and must be held to have assumed the risks ordinarily incident to the particular work required of him at that time. Certainly the failure to warn him of the presence of the scales must be considered negli-

gence of his fellow servant, the foreman, no one else being present. The plaintiff was not free from fault; he seems to have assumed the risk incident to the work in hand; the place where he was at work was in no sense a permanent one, and the only negligence charged in the petition is the failure of the master to advise him of the presence of the scales, the condition as to light in the car being considered. The petition expressly complains that the failure to give the warning was chargeable to the foreman, a fellow servant engaged in the same work with the plaintiff and under the control of a common master, and who, so far as the ·facts stated in the petition show, had no more authority in the premises than the plaintiff himself. The court did not err in sustaining the demurrer.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.* ·