### 12341. HENDERSON *v.* MINGLEDORFF *et al.*

1. The evidence showing that the injury sued for occurred in the State of South Carolina, and no statute of that State being pleaded, the legal presumption is that the common law governing the relations of master and servant was in force in that State, and the rights of the parties must be determined by that law. *Southern Railway Co.* v. *Cunningham,* 123 *Ga.* 90 (50 S. E. 979); *Rush* v. *Southern Railway* Co., 19 *Ga. App.* 521 (91 S. E. 898).

2. Under the common law, in a personal injury suit by a servant against his master, the plaintiff cannot recover if he was guilty of contributory negligence, or if the injury sued for was caused by the negligence of a fellow servant. *Rush* v. *Southern Railway Co.,* supra.

3. Under the facts of the case, it was not error to grant a nonsuit.
          DECIDED JUNE 14, 1921.

Action for damages; from Chatham superior court — Judge Meldrim. January 25, 1921.

*Oliver & Oliver*, for plaintiff.

*Adams & Adams*, for defendants.

BROYLES, C. J. The third headnote alone requires elaboration. This was a suit for damages for personal injuries, brought by a servant against his master. While the petition alleged several specific grounds of negligence, they were all based upon two general grounds: (1) the failure of the master to furnish a safe place for the plaintiff to work, and (2) the failure of the master to warn the plaintiff of his danger. Upon the trial the only evidence adduced was the testimony of the plaintiff, which made the following case: The plaintiff was a boiler-maker of nineteen years experience, and when the injury sued for occurred he was working in the State of South Carolina, and was repairing a boiler in a room about fifty feet long by fifty feet wide, and was upon the top of a ladder about five feet from the floor, which was an ordinary concrete floor. He had been working on this boiler about five minutes before he was injured. He had just finished repairing another boiler which was in the same room and only a few feet distant from this boiler. He had worked on the first boiler for about a day and a night. While upon the ladder and while repairing the boilers his helper stood on the floor below him and held the ladder to keep it from slipping, and before he ascended the ladder to work on the second boiler he told his helper to stand there and hold the ladder, and his helper was holding the ladder when he went upon it. He was burning out patches on the boiler with an acetylene torch, and standing with his right foot on the top rung of the ladder and his left foot in the boiler, with all his weight resting on his left foot. His torch back-fired, and he called to his helper to shut off the gas. Receiving no reply from his helper, he pushed up from his eyes the goggles (which, while using the torch, he wore to protect his eyes), and straightened up to see why his helper did not reply, and as he did so he put his weight on his left foot which was upon the ladder, and the ladder slipped and he fell to the floor, sustaining the injuries sued for. As he straightened up and fell he saw the foreman, who was some distance away in the room, looking at him. The ladder slipped because there was

water on the floor, *but the plaintiff himself testified that it would not have slipped if his helper had continued to hold it.* The helper had let loose the ladder and gone to get a wrench which was used in connection with the repair work on the boiler. The plaintiff testified that after he fell he examined the floor where the ladder had stood and found about " twelve or fifteen feet by eight feet wide " of the floor was wet, and that he did not know of this condition of the floor when he ascended the ladder, and could not have discovered it without making an inspection, and he had not been instructed by his master to make any inspection of the premises. After he fell he was told by his foreman that shortly before he fell, the same ladder had slipped while he (the foreman) was on it, but that this fact was unknown to him (the plaintiff) when he went upon the ladder. The plaintiff further testified, however, that he and his helper moved the ladder, tank, and other paraphernalia used by them in repairing the boilers, from the first to the second boiler, and that he did not lower the goggles over his eyes until after he got upon the ladder, and that the two boilers were only a few feet apart, and that he had worked on the first boiler for a day and a night immediately preceding his injuries.

It seems to us, therefore, that despite his statement that he did not know the floor was wet and could not have known it without an inspection, the physical facts as developed by his evidence clearly showed either that he must have seen the wet condition of the floor before he ascended the ladder to repair the second boiler, or that he could have seen it by the exercise of ordinary diligence. In either contingency, conceding that the master was negligent in allowing the floor to become wet, the plaintiff was guilty of contributory negligence, and could not recover, under the common law as interpreted by the Supreme Court of this State. The fact that the same ladder had slipped upon the wet floor a short time before it slipped with the plaintiff, and that this was known to the foreman and not communicated to the plaintiff is not material. Any experienced man of ordinary intelligence, much less a boiler-maker of nineteen years experience, should know that a ladder, unless held, was liable to slip upon a wet floor, and it was not the duty of the master to warn the servant of such a plain and obvious danger. While the plaintiff was

injured at night, there were several lights in the room, and he had worked an entire *day* in there within a few feet of the place where he was hurt.

In our opinion there is a second reason why the plaintiff cannot recover in this case. Conceding that the foreman was the alter ego of the master, and that the master was negligent in allowing the floor to become wet and in not warning the plaintiff of this danger, the evidence of the plaintiff conclusively shows, and demands a finding, that this negligence was not the cause of his injuries, but that they were caused by the negligence of a fellow servant, his helper, in ceasing to hold the ladder while the plaintiff was upon it. And the evidence fails to show that the master was in any way responsible for this negligence of the fellow servant, or that he knew of it in time to warn the plaintiff.

While it is well settled that questions of negligence are exclusively for determination by the jury, this simply means that where the evidence in a case raises a doubt as to whether there was negligence, the jury alone can determine the question. Where the evidence *demands* a finding that there was, or was not, negligence, it is not error for the court to fail or refuse to submit the question to the jury.

In our opinion the award of a nonsuit was proper.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*