SLATON *v.* HALL, administrator.

No. 6888.   MAY 15, 1929.   ADHERED TO ON REHEARING, JULY 10, 1929.

*Graham Wright,* for plaintiff in error.
*Hugh Reed* and *Porter & Mebane,* contra.

GILBERT, J. The exceptions are to the rulings in headnotes 1, 2, 6, and 8 in the decision of the Court of Appeals to whom the writ of certiorari was directed by this court upon application of plaintiff in error. *Hall* v. *Slaton,* 38 *Ga. App.* 619 (144 S. E. 827). The exceptions to headnotes 1, 2, and 8 are that they are contrary to law, because they purport to construe the "unwritten law" of the State of Alabama, when there is no such law known to the courts of this State; because they "in effect apply to this State the common law as declared by the law of a sister State, which is at variance with that declared by the courts of this State;" because they "tend to apply within this State the decisions of a court of a foreign jurisdiction, construing the common law at variance with the decisions of the courts of this State, construing the common law as applied and declared by the courts of this State;" and because "only a statute or the common law can be recognized and applied within this State," whereas the decision complained of "recognizes that neither a statute of Alabama nor the common law is applicable to the facts of this case." The exceptions to the ruling contained in headnote 6 are that it sets up a rule of legal liability at variance with former rulings of the Court of Appeals and the Supreme Court, the standard for determining liability being gross negligence under the law as already laid down, whereas this headnote makes that standard ordinary care; and that said headnote, rendered by the second division of said court, is at variance with the rule in such cases as laid down by the first division thereof in *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297), *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256), and *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96).

The suit was brought by the administrator of Carl Hall. The petition alleges that the defendant, Slaton, a resident of Floyd County, Georgia, while in the State of Alabama, requested Carl Hall to go with him in his automobile to point out the location of a person sought by the defendant; that Hall occupied said automobile as a guest; and that, by reason of the negligence of the defendant, Hall was killed. As authority for bringing the suit as administrator, section 5696 of the Alabama Civil Code was pleaded, as follows: "Action for wrongful act, omission, or negligence causing death. A personal representative may maintain an action, and recover such damages as the jury may assess in a court of

competent jurisdiction within the State of Alabama, and not else-where, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death." Petitioner also pleaded section 6267 of the Alabama Civil Code, which is as follows: "No person shall operate a motor-vehicle upon the public highways of this State recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highways or so as to endanger property or the life or limb of any person. A rate of speed in excess of thirty miles an hour for a distance of a quarter of a mile shall be presumed evi-dence of traveling at a rate of speed which is not careful and prudent." Also section 3328 of the Criminal Code of Alabama, as follows: "Reckless driving of motor-vehicles prohibited; punish-ment for.—Any person who shall operate a motor-vehicle upon the public highways of this State recklessly, having regard to the width, traffic, and use of the highway, or so as to endanger property, or the life or limb of any person, shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding five hundred dollars, and may in the discretion of the court be sen-tenced to imprisonment in the county jail or to hard labor for the county for a period not exceeding six months." The petition also set up the following excerpts from the decision of the Alabama Supreme Court in Rush v. McDonnell, 214 Ala. 47 (106 So. 175) : "The driver of an automobile owes the same duty to a guest riding in his car that he owes to a stranger on the highway, the duty to use due care not to do him an injury in the operation of the car. Perkins v. Galloway, 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190 ; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508. And, so far as proximate result is concerned, the one injury is as much to be anticipated, and is as directly related to the incompetent operation of the car, as is the other." "One not a common carrier who volun-tarily undertakes to transport another is responsible for injury to the person transported, resulting from negligence, whether the service was for compensation or was gratuitous." "Where the occupant of an automobile has no control over the driver, even though the relation of carrier and passenger does not exist, the

doctrine of imputed negligence does not apply to the passenger." "The duty of the owner and driver of an automobile to the occupant of the car is to exercise reasonable care in its operation not to unreasonably expose to danger and injury the occupant by increasing the hazard of the method of travel, but he must· exercise the care and diligence which a man of reasonable prudence engaged in like business would exercise for his own protection and the protection of his family and property."

On the hearing the defendant demurred to that portion of the petition .which pleaded the Supreme Court decisions. The demurrers were sustained, and the plaintiff excepted. The case proceeded before the jury, and after introduction of the plaintiff's evidence the court awarded a nonsuit, and to this judgment plaintiff also excepted. The case went to the Court of Appeals upon writ of error, and that court reversed the judgment, holding that the trial court erred in sustaining the demurrers and in awarding the nonsuit. A petition for the writ of certiorari filed in this court was granted to review the rulings of the Court of Appeals. Error is assigned upon the rulings contained in headnotes 1 and 2 in the decision by the Court of Appeals, which are as follows: "1. In a suit instituted in a court of this State to recover damages for a tort committed in another State, where the plaintiff pleads in the petition, as the law of the other State applicable to the case upon its merits, not a statute of that State, but the law of that State as interpreted by the courts of that State and applied in that State, a rule which differs from the common-law rule as construed and applied by the courts of this State, the plaintiff is not pleading the common law of the foreign State, but is pleading that the law of the foreign State applicable to the case is other than the common law. *Selma &c. R. Co.* v. *Lacy,* 43 *Ga.* 461, 463; *Pattillo* v. *Alexander,* 96 *Ga.*. 60 (22 S. E.. 646, 29 L. R. A. 616). 2. In a suit instituted in a court of this State to recover damages for a tort committed in another State, which is a State in which the common law prevails—as the State of Alabama,—the plaintiff may plead and prove, as the law applicable to the merits of the case, both the statutory and unwritten law of that State, which is other than the common law as would be applied to a similar situation by the courts of this State, and the courts of this State will apply to the case the law of the foreign State thus pleaded and proved, as

construed and interpreted by the courts of that State. See 22 C. J. 928; Minor on Conflict of Laws, 530; 12 C. J. 200; Story on Conflict of Laws, § 642; 13 Am. & Eng. Enc. Law (2d ed.), 1069; 6 Am. & Eng. Enc. Law (2d ed.), 268; Houghtaling v. Ball, 19 Mo. 84 (59 Am. D. 331)."

■ As interpreted by the Court of Appeals the petitioner did not plead the common law, but some law other than the common law. What was that law? Section 5696 of the Alabama Civil Code was pleaded, but that was merely a statute conferring power upon an administrator to bring suit within the State of Alabama, but not elsewhere, for damages in a case of homicide. It does not purport to prescribe in any way what rule of law shall be applied with respect to the degree of care required in such case, or the degree of negligence which would in law create a liability on the part of the defendant. The penal statutes do not prescribe such rule in a suit for damages, but are applicable in a prosecution by the State for a violation thereof. What law is declared by the Supreme Court of Alabama? Is it an "unwritten law" other than the common law, or is it merely the construction of Alabama statute law? In common parlance, the phrase "unwritten law" has been used in connection with criminal cases, as where a husband kills the debaucher of his wife. Of course the Court of Appeals did not have reference to the term in this sense. As we construe the meaning of the Court of Appeals, it referred to the decision of the Supreme Court of Alabama as a construction of "unwritten law" applicable to the case, not statutory and not common law. Such "unwritten law" is not recognized in the courts of this State. We are foreclosed on that question by repeated decisions of this court to the effect that where no statute of the foreign State is pleaded, it will be presumed that the common law prevails in such State. In this case no statute regulating the degree of care which is required to be exercised is pleaded, and we must, under our former decisions, assume that the common law prevails in the State of Alabama. Here we are met not only by the decision of the Court of Appeals that the common law was not pleaded, but that decision is reinforced by a declaration made in the brief of plaintiff, as follows: "The plaintiff's cause of action, in the instant case, is not founded upon the common law, but upon statutes of the State of Alabama plead and proven, and the decisions of the Supreme Court of Alabama con-

struing the statutes which the plaintiff plead and proved." We might rest the case here with the statement, that, no statute being pleaded on the point mentioned, and the pleader insisting that his case is not based on the common law, the court properly struck from the petition that portion which pleaded decisions of the Supreme Court of Alabama. But the brief of plaintiff also argues that under the case of *Atlanta &c. Ry. Co.* v. *Tanner,* 68 *Ga.* 384, this court is bound to accept the construction placed upon the common law by the highest court of Alabama. This contention would seem to be an abandonment of the other statement that the suit is not based on the common law. Two principles are well settled by the decisions of this court. First, where a cause of action arises in another State and the pleadings are sufficient to show that a cause of action is set out under the laws of such other state, the rights of the parties will be administered according to the laws of such other State. *Selma &c. R. Co.* v. *Lacy,* 43 *Ga.* 461; Id., 49 *Ga.* 106; *Western &c. R. Co.* v. *Strong,* 52 *Ga.* 461, and numerous other decisions. Secondly, where in such a case no statute of the foreign State is pleaded as the basis of right of recovery, the courts of this State will presume that the common law exists in such State and will administer the rights of the parties according to the common law. The line of cases supporting the second proposition is unbroken. The conflict between the contentions of the two parties in this case does not arise out of a difference of opinion as to either of the above-stated propositions. None of the cases cited by either side questions the correctness of those propositions.

Furthermore where a statute of the foreign State is pleaded as the basis of right of recovery, the construction placed upon it by the highest court of such State will be accepted by the courts of this State as the proper construction. This principle is supported by an unbroken line of decisions. A difference arises between the parties in this case on whether the construction placed upon the common law by the courts of this State or by the courts of the foreign State will be accepted. As we construe the Alabama Supreme Court decisions pleaded in this case, they are constructions of the principles of common law applicable to this case. The demurrer of the defendant in the trial court challenged the right of petitioner to plead the construction of the Alabama Supreme Court of the common law, insisting that if the case was based on the common

law the right of recovery would rest upon the construction of the common law by the courts of this State. The common law is presumed to be the same in all the American States where it prevails. Though courts in the different States may place a different construction upon a principle of common law, that does not change the law. There is still only one right construction. If all the American States were to construe the same principle of common law incorrectly, the common law would be unchanged. What, therefore, is the rule in this State? Shall we accept the construction of the common law applicable to this case as construed by the Supreme Court of Alabama in the decisions pleaded, or will the Georgia courts construe the common law? On this question we find a conflict in the Georgia decisions. The case of *Atlanta &c. Ry. Co.* v. *Tanner,* 68 *Ga.* 384, is relied upon by the plaintiff in the trial court, where it was held that the courts of this State are bound to accept the construction placed upon the common law by the highest court of the foreign State. Furthermore, it is insisted that that is the oldest case decided by this court, and that it has never been reviewed and overruled; and also that it is based upon older Georgia cases. The defendant, plaintiff in certiorari here, at the suggestion of this court, has submitted a request that the *Tanner* case be reviewed and overruled. We have carefully read the case cited in the *Tanner* case (*Selma &c. R. Co.* v. *Lacy,* 49 *Ga.* 106), and find that it does not support the ruling that as to the common law the courts of this State will accept the construction placed upon it by the highest court of the foreign State. In the case last cited the construction of the common law was not involved and was not mentioned. The question dealt with in that case was the construction of a statute of the State of Alabama. In the construction of a statute it is universally held that the construction placed upon the statutes by the courts of the State where the statute was enacted will be accepted. This is one of the rules stated above as being in accord with unbroken precedent. So far as we are aware and so far as our attention has been directed by counsel, the *Tanner* case has never been cited approvingly nor followed in any decision of this court. In *Southern Ry. Co.* v. *Cunningham,* 123 *Ga.* 90, 94 (50 S. E. 979), the case is cited, but contrasted. The court did not review or overrule the case, but merely refused to follow it. In 38 Cyc. 545, the *Tanner* case is cited among other cases in footnotes,

but not upon this contested question. On the contrary, both this court and the Court of Appeals have consistently, in an unbroken line of cases since the *Tanner* case, held directly to the contrary. *Krogg* v. *Atlanta &c. R.,* 77 *Ga.* 202 (4 Am. St. R. 79); *Pattillo* v. *Alexander,* 96 *Ga.* 60 (supra); *Alabama &c. R. Co.* v. *Guilford,* 119 *Ga.* 523 (2) (46 S. E. 655); *Southern Ry. Co.* v. *Cunningham,* supra; *Thomas* v. *Clarkson,* 125 *Ga.* 72, 78 (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Lay* v. *Nashville &c. R. Co.,* 131 *Ga.* 345 (62 S. E. 189); *Rush* v. *Southern Ry. Co.,* 19 *Ga. App.* 521 (91 S. E. 898); *Hines* v. *Evitt,* 25 *Ga. App.* 606 (103 S. E. 865); *Henderson* v. *Mingledorff,* 27 *Ga. App.* 165 (107 S. E. 884); *Savannah River L. Co.* v. *Smith,* 28 *Ga. App.* 767 (113 S. E. 46). In *Thomas* v. *Clarkson,* supra, this court followed the unbroken rule since the *Tanner* case, and cited *Selma &c. R. Co.* v. *Lacy,* 43 *Ga.* 461, which latter case is cited by counsel for plaintiff in the trial court. We think that the *Tanner* case is contrary to the weight of American decisions as well as against later Georgia decisions; and after a thorough consideration on review, the *Tanner* case is now overruled. The conflict which existed was one of the reasons for granting the certiorari in the present case, as the Court of Appeals had no power to overrule the *Tanner* case and was compelled to accept it as the oldest decision of this court on the question.

For the above reasons, the rulings of the Court of Appeals in its first and second headnotes, that a law other than the common law and other than the statute law of Alabama, as construed and applied by the courts of that State, may be pleaded as applicable to this case, and in its eighth headnote that the court erred in sustaining the demurrers to the petition, are reversed. In our opinion the demurrers were properly sustained by the trial court.

*Judgment reversed. All the Justices concur.*

### ON REHEARING.

One ground of the petition for certiorari assigned error on the judgment of the Court of Appeals reversing the judgment of the trial court ordering a nonsuit. When the case was decided by this court it was said, in the opinion: "We make no ruling upon the exception to the ruling of the Court of Appeals that the trial court erred in granting a nonsuit." A rehearing was asked by the petitioner for certiorari, and granted because of the failure of this court to rule on that question. We applied the usual rule where

the judgment of a trial court is reversed on a question that does not involve the sufficiency of the evidence to support a verdict. Where such a case goes back to the trial court for another hearing, it is not usual to decide on the general grounds of the motion for a new trial. In the present instance we are dealing with a judgment of the Court of Appeals. The ruling of that court as to the demurrers had the effect of applying the Alabama rule of care and diligence due by the operator of an automobile to a guest in his car; whereas we have held that the Georgia rule should be applied. The Alabama rule applies a higher degree of care than does the rule in Georgia. The judgment of the Court of Appeals holding that the grant of a nonsuit was error was based on the ruling that the trial court erred in rejecting the Alabama rule. The ruling of the Court of Appeals was therefore based upon a consideration of the evidence measured by what this court has held to be the incorrect rule. It is now ordered that the judgment of the Court of Appeals reversing the grant of a nonsuit be set aside, and that such further action be taken by the Court of Appeals as may be necessary to give effect to the judgment of this court. The sentence quoted above from the opinion heretofore rendered by this court has been withdrawn. The judgment heretofore rendered and the opinion, with the addition now made, are adhered to.