### 26096. BOLTON *v.* BLUESTEIN.

SUTTON, J. 1. "Where a party relies on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of the foreign State should be pleaded and proved." *Independent Order of Puritans* v. *Cadden,* 25 *Ga. App.* 27 (102 S. E. 454); *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944, 137 Am. St. R. 227). Mere reference to the volume and section of the compilation in which it is alleged the law appears is not sufficient. *Atlantic Coast Line R. Co.* v. *Barton,* 14 *Ga. App.* 160 (80 S. E. 530).

2. It is well settled that where no statute of a foreign State is pleaded, it will be presumed that the common law prevails in such State. *Slaton* v. *Hall,* 168 *Ga.* 710, 714 (148 S. E. 741, 73 A. L. R. 891).

3. The appellate courts of this State are not bound by the interpretation of the common law made by the courts of a foreign State, although the injury for which suit is brought occurred in that State, but will decide what is the common law. *Slaton* v. *Hall,* supra.

4. While in foreign States the weight of authority is that the duty of the owner or driver of an automobile to a guest is to exercise ordinary or reasonable care in its operation, and not unreasonably to expose him to danger by increasing the hazard of the method of travel, and must exercise the care and diligence which a man of reasonable prudence, engaged in the same business, would exercise for his own protection and the protection of his family and property, a care which must be reasonably commensurate with the nature and hazards attending the particular travel, and, failing in this duty, he will be liable to the guest in the car for injuries which are the result of such carelessness or lack of diligence (5-6 Huddy's Encyclopedia of Automobile Law (ed. 1931), 224), it is the rule of this State that under the common law "one riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Lee* v. *Lott,* 50 *Ga. App.* 39, 42 (177 S. E. 92) and cit.; *Slaton* v. *Hall,* supra.

5. Applying the above-stated principles to the present case, on general demurrer to a petition which sought recovery for damages because of injuries sustained in the State of North Carolina while the plaintiff was riding in an automobile with the defendant as his guest, but in which petition the only grounds of negligence set out were that the defendant failed to exercise ordinary care in certain particulars, and operated his car in violation of certain named sections of the Code of North Carolina, without setting out the language thereof, and no-

where alleging gross negligence on the part of the defendant, the petition did not set forth a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., dissents.*

DECIDED MAY 15, 1937.

*Arthur L. Purvis,* for plaintiff in error. *Hester & Clark,* contra.