26930.  HOPKINS *v.* SIPE.

DECIDED OCTOBER 18, 1938.

*H. W. McLarty, L. H. Fowler,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

BROYLES, C. J. ■ "It is well settled that where no statute of a foreign State is pleaded, it will be presumed that the common law prevails in such State. *Slaton* v. *Hall,* 168 *Ga.* 710, 714 (148 S. E. 741, 73 A. L. R. 891)." *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388).

■ "The appellate courts of this State are not bound by the interpretation of the common law made by the courts of a foreign State, although the injury for which suit is brought occurred in that State, but will decide what is the common law. *Slaton* v. *Hall,* supra." *Bolton* v. *Bluestein,* supra.

■ "While in foreign States the weight of authority is that the duty of the owner or driver of an automobile to a guest is to exercise ordinary or reasonable care in its operation, and not unreasonably to expose him to danger by increasing the hazard of the method of travel, and must exercise the care and diligence which a man of reasonable prudence, engaged in the same business, would exercise for his own protection and the protection of his family and property, a care which must be reasonably commensurate with the nature and hazards attending the particular travel, and, failing in this duty, he will be liable to the guest in the car for injuries which are the result of such carelessness or lack of diligence (5-6 Huddy's Encyclopedia of Automobile Law (ed. 1931), 224), it is the rule of this State that under the common law 'one riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence.' *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Lee* v. *Lott,* 50 *Ga. App.* 39, 42 (177 S. E. 92) and cit.; *Slaton* v. *Hall,* supra." *Bolton* v. *Bluestein,* supra. The request of counsel for the plaintiff, that this court "present the question to the Supreme Court, in order that it may be again considered by that court, and in order that its decision in the *Slaton* case, supra, may be reviewed by that court," is denied.

■ This was a suit for personal injuries, by a guest passenger in an automobile driven by the defendant, the alleged injuries being inflicted in the State of Tennessee. The plaintiff pleaded the law of Tennessee relating to the duty owed to guest passengers by drivers of automobiles, by setting out certain decisions of the courts of that State, but did not plead any statute of that State referring to such duty. The petition contained two counts, but

the plaintiff dismissed the first count; and the second count as amended was dismissed on motion of the defendant. This count did not charge the defendant with gross negligence, but alleged certain acts of negligence in violation of certain pleaded statutes of the State of Tennessee (said statutes not referring to the duty owed to a guest passenger by the driver of an automobile), which it was alleged amounted to negligence per se; but it was not alleged that such negligent acts amounted to gross negligence; and such an allegation, if it had been made, would have been a mere conclusion of the pleader, since it would not have been supported by the facts stated in the count. The violation of a State law by the driver of an automobile in operating the car does not necessarily amount to gross negligence. *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (2), 205 (136 S. E. 96). Count 2 of the petition, properly construed (most strongly against the pleader), fails to show that the defendant was guilty of gross negligence; and the action was properly dismissed on motion in the nature of a general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*