**Joseph L. SHAPIRO**

v.

**The AETNA CASUALTY AND SURETY COMPANY.**

Civ. A. No. 8551.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 13, 1963.

Arnall, Golden & Gregory, Atlanta, Ga., for plaintiff.

T. J. Long and Ben L. Weinberg, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff, a resident of Georgia, has filed suit in this Court seeking to recover damages for personal injuries and loss of earning capacity resulting from a collision that occurred on December 10, 1961 in New Orleans, Louisiana involving an automobile driven by plaintiff and a panel truck driven by an employee of Katz & Besthoff, Inc., a Louisiana corporation and the defendant's assured. This action is brought in the State of Georgia against the Aetna Casualty and Surety Company, a Connecticut corporation, pursuant to provisions of a statute of the State of Louisiana (LSA–Revised Statutes, Title 22, § 655) providing for a right of direct action against the insurer of an assured tort feasor where the accident and injury complained of occurs within the State of Louisiana.  Jurisdiction of this court is based on diversity of citizenship between the parties herein pursuant to provisions of 28 U.S.C. § 1332.

Defendant has filed a motion to dismiss the complaint upon the following grounds:

1—The Court does not have jurisdiction over the subject matter set forth in the complaint.

2—The venue of said action is improperly laid in that plaintiff seeks a recovery under a statute of the State of Louisiana having no extra-territorial effect.

19.  15 U.S.C. § 79k(e).

3—The complaint fails to state a claim upon which relief can be granted.

Defendant contends in its brief filed in support of its motion that the Louisiana statute in question is procedural in nature and that venue of actions arising thereunder is limited by the statute to the parish in the State of Louisiana where the accident or injury occurred or where the insured or insurer is domiciled.

The Louisiana statute in question came to the attention of the Supreme Court nine years ago. In Lumbermen's Mutual Casualty Company v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954) the Court said:

"(L)ouisiana courts have differentiated between actions brought by an injured party against the insurer alone and those brought against either the tortfeasor alone or together with the insurer. In the former action, the insurer is foreclosed from asserting defenses such as coverture, normally available to the tortfeasor. Edwards v. Royalty Indemnity Co., 182 La. 171, 161 So. 191. Similarly, the insurer is severely restricted in advancing technical defenses based upon the terms of the policy, such as a failure of notice, when the injured party brings a direct action. Jackson v. State Farm Mutual Automobile Ins. Co., 211 La. 19, 29 So.2d 177. While either type of action encompasses proof of the tortfeasor's negligence, in the separate suit against the insurer a plaintiff must also establish liability under the policy. The Louisiana courts have characterized the statute as creating a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor. West v. Monroe Bakery, 217 La. 189, 46 So.2d 122; Jackson v. State Farm Mutual Automobile Ins. Co., supra.

"Petitioner is therefore not merely a nominal defendant but is the real party in interest here." (At page 51, 75 S.Ct. at page 154.)

Cf. West v. Monroe Bakery cited above.

It was there concluded that the direct action statute is "substantive" in nature "* * * creating a separate and distinct cause of action against the insurer * * *". As such this forum is bound to apply the statute as *lex loci delicti*. Slaton v. Hall, 168 Ga. 710, 715, 148 S.E. 741, 73 A.L.R. 891 (1929); Slaton v. Hall, 172 Ga. 675, 682, 683, 158 S.E. 747 (1931); Wallack v. Wallack, 211 Ga. 745, 747, 88 S.E.2d 154 (1955). This is true unless the foreign law conflicts with the ascertainable public policy of the forum. Ulman, Magill & Jordan Woolen Co. v. Magill, 155 Ga. 555, 117 S.E. 657 (1923); Pearson v. Globe Indemnity Co., 311 F.2d 517 (5 C.C.A., 1962).

That the Louisiana Act does not substantially conflict with Georgia public policy is amply illustrated by §§ 68–509, 68–525, 68–612, Georgia Code Ann. (providing a permissible joinder of an insurer and an assured domestic carrier under limited circumstances) and the case of Great American Indemnity Company v. Vickers, 183 Ga. 233, 188 S.E. 24 (1936), where the Georgia Supreme Court interpreted § 68–612, supra, as follows:

"(T)he policy of insurance is not one of indemnity against loss as that term is generally understood; but is a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy. The sustaining of *actionable injury is*, under the statute, the only condition precedent to a suit on the policy." (At page 236, 188 S.E. at page 26.)

Cf. Russell v. Burroughs, 183 Ga. 361, at 363, 364, 188 S.E. 451 (1936).

Defendant relies upon two cases decided by the Court of Appeals for the Fifth Circuit, Wells v. American Employers' Ins. Co., 132 F.2d 316 (1942), and Pearson v. Globe Indemnity Co., supra. These cases lend no support here, however, as

both are Erie (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) cases decided on the basis of conflicts of laws rules applicable in Texas and Mississippi respectively.. They are not dispositive of Georgia law on the subject as discussed above. Cf. Collins v. American Automobile Insurance Company, 230 F.2d 416 (2 C.C.A., 1956).

Therefore, defendant's motion to dismiss is overruled.