[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13907

_____

D.C. Docket No. 1:13-cv-03874-AT

BOND SAFEGUARD INSURANCE COMPANY,
LEXON INSURANCE COMPANY,

                                                                        Plaintiffs-Appellants,

versus

WELLS FARGO BANK, N.A.,
as successor in interest to Wachovia Bank, N.A.,
KEYBANK, N.A.,

                                                                        Defendants-Appellees.

.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 8, 2016)

Before MARTIN, ANDERSON, and BLACK, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration of the briefs of the parties and the relevant parts of the record, we conclude that the judgment of the district court should be affirmed.  Plaintiffs-appellants concede that the sole issue they raise on appeal was not raised in the district court and is raised for the first time on appeal. Seeking to excuse this failure, appellants argue that they had no opportunity to raise the issue in the district court because, they argue, the dispositive aspect of Georgia's choice of law rules – Georgia's Slaton v. Hall rule[1] – was raised by the lenders for the first time in lenders' reply to plaintiffs' memorandum in opposition to lenders motion to dismiss.  We decline to accept appellants' excuse. Appellants raised the choice of law issue for the first time in their opposition to lenders' motion to dismiss. Appellants conducted an analysis of Georgia's choice of law rules, and asserted that Kentucky law, not Georgia law, should apply.  However, appellants' analysis of Georgia's conflict of law rules was flawed (as they now acknowledge on appeal) because it omitted consideration of the established Slaton

---

[1]    In Slaton v. Hall, 148 S.E. 741 (Ga. 1929), the Supreme Court of Georgia held that – in a case in which the law of another state would ordinarily apply – Georgia's application of the laws of the other state would be limited to the statutes of the other state and the decisions of the other state's courts construing those statutes.  However, Slaton held that, when the other state had no relevant statute, but only relevant case law applying the common law, Georgia courts would apply the common law as interpreted by Georgia courts rather than the common law as interpreted by the courts of the other state.  This Slaton v. Hall rule is sufficiently established as a Georgia conflicts of law rule that appellants do not even challenge it on appeal.

v. Hall rule.  Thus, appellants had an opportunity to brief the Georgia conflicts of law rules, but simply did so erroneously.  For these reasons, we decline to accept appellants' excuse for failing to raise the issue in the district court, and we decline to entertain the issue because it was raised for the first time on appeal. [2]

We have carefully considered the various circumstances which have persuaded us in the past to exercise our discretion to entertain an argument raised for the first time on appeal, notwithstanding a party's waiver.  We conclude that the instant case does not fall within any of those.  Thus, we decline to entertain the sole argument raised by appellants, because the argument was not presented to the district court.

Also for the reasons fully explored at oral argument, we decline to certify questions of law to the Supreme Court of Georgia.

Accordingly, the judgment of the district court is

AFFIRMED.[3]

---

[2]    Alternatively, if appellants' failure to raise the issue in their opposition to motion to dismiss should be deemed excusable, it is clear that the district court would have permitted the appellants to file a surreply brief to respond to the lenders' reply brief which pointed out the Slaton v. Hall rule and explained why Georgia law should apply.  However, appellants never moved in the district court to file such a surreply brief.  Thus, even if appellants' initial failure should be deemed excusable, opportunity to raise the issue remained, but was waived.

[3]    Appellees' pending motion to dismiss the appeal is denied.

3